**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

STEFAN PASSANTINO,

                *Plaintiff*,

      v.

ANDREW WEISSMANN,

              *Defendant.*

Case No. 1:23-cv-02780 (LLA)

**<u>DEFENDANT'S ANSWER TO COMPLAINT</u>**

Defendant Andrew Weissmann ("Defendant"), by and through his undersigned counsel, hereby answers the Complaint of Plaintiff Stefan Passantino ("Plaintiff") as follows. On September 30, 2024, the Court entered a minute order (ECF No. 17) that granted in part and denied in party the motion to dismiss filed by Defendant under Federal Rule of Civil Procedure 12(b)(6). In the order, the Court dismissed with prejudice Plaintiff's claim for injurious falsehood. Accordingly, Defendant responds herein only to the allegations pertaining to Plaintiff's claim for defamation.

## COMPLAINT

1.      Stefan Passantino is an attorney with a 30-year history of representing his clients honorably and ethically and, like all attorneys, depends upon his reputation to earn a living. Defendant Andrew Weissmann—a partisan former-prosecutor and top deputy to Special Counsel Robert Mueller turned MSNBC "legal analyst"—has publicly impugned that reputation, claiming that Mr. Passantino coached his client, Cassidy Hutchinson, to lie in congressional testimony. This is an insidious lie. Mr. Passantino never coached Ms. Hutchinson to lie, nor did he attempt to shape her testimony in any way. Ms. Hutchinson even testified, under penalty of law: "I want to make this clear to you: Stefan [Passantino] never told me to lie. . . . He told me not to lie." Defendant was aware of this testimony, but still chose to smear Mr. Passantino in advancement of his newfound career as a partisan political pundit.

        Answer: Paragraph 1 is Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence, and on that basis denies the allegations. As for the second sentence, Defendant admits that he previously worked as a federal prosecutor and as a senior deputy to Special Counsel Robert Mueller and that he now works as a legal analyst and commentator for MSNBC. Defendant denies the remaining

allegations in the second sentence. To the extent this paragraph purports to quote testimony given by Cassidy Hutchinson before the Unites States House Select Committee on the January 6th Attack on the United States Capitol (the "Jan. 6 Select Committee"), the reference is incomplete and misleading, and Defendant objects that the transcript itself is the best evidence of its contents. As for the sixth sentence, Defendant admits that he was aware of the substance of Ms. Hutchinson's testimony before the Jan. 6 Select Committee. Defendant denies all of the remaining allegations in Paragraph 1.

**PARTIES AND JURISDICTION**

2.    Plaintiff Stefan Passantino is an individual who is a citizen of the State of Georgia, who regularly represents clients in Washington, D.C. as an attorney.

<u>Answer:</u>  Paragraph 2 states legal conclusions as to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

3.    Defendant Andrew Weissmann is an individual who is a citizen of the State of New York.

<u>Answer:</u>  Defendant admits the allegations in Paragraph 3.

4.    This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.

<u>Answer:</u>  Paragraph 4 states legal conclusions as to which no response is required. Defendant further denies that Plaintiff has suffered harm or damages in excess of $75,000 or at all.

**FACTUAL BACKGROUND**

5.    Throughout his 30-year career, Mr. Passantino has fostered a reputation as an ethical, honorable lawyer who represents his clients fully consistent with his legal and ethical

3

obligations.  Mr. Passantino has successfully represented both some of the highest profile individuals and entities in the world, and some of the least fortunate and desperate among us.

<u>Answer:</u>  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis denies the allegations.

6.     In 2017 through 2018, Mr. Passantino served as a senior lawyer in the Trump administration.  Since then, he has been in private practice.

<u>Answer:</u>  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and on that basis denies the allegations.

7.     In 2022, Mr. Passantino represented several witnesses before the United States House Select Committee on the January 6th Attack on the United States Capitol (the "Select Committee"), including Cassidy Hutchinson.  Just like every one of his clients, Mr. Passantino represented Ms. Hutchinson honorably, ethically, fully consistent with his legal and ethical obligations, and fully consistent with her sole interests as expressed to him by Ms. Hutchinson.

<u>Answer:</u>  Defendant admits that Plaintiff represented witnesses before the Jan. 6 Select Committee, including Cassidy Hutchinson.  To the extent this Paragraph purports to quote or summarize testimony given by Cassidy Hutchinson before the Jan. 6 Select Committee, the reference is incomplete and misleading, and Defendant objects that the transcript itself is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 7..

8.     Prior to the allegations made surrounding Ms. Hutchinson, Mr. Passantino has never been accused by a client, or anyone else, of unethical or illegal behavior.

<u>Answer:</u>  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies the allegations.

9.      Mr. Passantino represented Ms. Hutchinson before the Select Committee at three depositions—February 23, 2022,[1] March 7, 2022,[2] and May 17, 2022.[3]  The transcripts of her testimony, including all participation by Mr. Passantino, are publicly available, as shown in the footnotes below.

Answer:  Defendant admits the allegations in Paragraph 9.

10.      Any review of these readily available transcripts makes it obvious that Mr. Passantino was not attempting to obstruct or shape Ms. Hutchinson's testimony in any way.  To the contrary, those 523 pages of testimony make clear that Mr. Passantino's only intervention into Ms. Hutchinson's testimony were consistent with his admonitions to her to be honest, not to speculate, and to honor the specific question posed to her to the best of her current recollection. The substance of Ms. Hutchinson's testimony was entirely her own, unfettered, and in response to the questions asked by the Select Committee.

Answer:  This Paragraph contains Plaintiff's further characterization of this action, to which no response is required.  In addition, to the extent this Paragraph purports to quote or summarize testimony given by Cassidy Hutchinson before the Jan. 6 Select Committee, the reference is incomplete and misleading, and Defendant objects that the transcript itself is the best

---

[1] *Testimony of Cassidy Hutchinson Before Members of the H. Select Comm. to Investigate the Jan. 6th Attack on the United States Capitol*, 117th Cong. (Feb. 23, 2022), available at https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000050113/pdf/GPO-J6-TRANSCRIPT-CTRL0000050113.pdf.

[2] *Testimony of Cassidy Hutchinson Before Members of the H. Select Comm. to Investigate the Jan. 6th Attack on the United States Capitol*, 117th Cong. (Mar. 7, 2022), available at https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000051189/pdf/GPO-J6-TRANSCRIPT-CTRL0000051189.pdf.

[3] *Testimony of Cassidy Hutchinson Before Members of the H. Select Comm. to Investigate the Jan. 6th Attack on the United States Capitol*, 117th Cong. (May 17, 2022), available at https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000930041/pdf/GPO-J6-TRANSCRIPT-CTRL0000930041.pdf.

evidence of its content. To the extent a further response is required, Defendant denies the allegations in Paragraph 10.

11.    As was readily apparent to Defendant, and anyone else reading those publicly available transcripts, Mr. Passantino never instructed Ms. Hutchinson not to answer any of the Select Committee's questions and never made any effort to shape the substance of her response. In fact, the Committee repeatedly thanked Mr. Passantino for his clarifying questions and for keeping Ms. Hutchinson on track during her interviews.

Answer:  To the extent this Paragraph purports to quote or summarize testimony given by Cassidy Hutchinson before the Jan. 6 Select Committee, the reference is incomplete and misleading, and Defendant objects that the transcript itself is the best evidence of its contents. To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12.    The Select Committee videotaped these depositions in full, which also would have demonstrated Mr. Passantino's ethical representation of Ms. Hutchinson. Unfortunately, the Select Committee selectively edited these videos for use in their televised hearings, and upon information and belief the Select Committee, or others working on its behalf, caused the full videos to be destroyed before House Speaker Kevin McCarthy and the Republican Party assumed control of all Congressional records.

Answer:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies the allegations.

13.    In contemporaneous text messages to a close friend, attached as **Exhibits A, B, and C**, Ms. Hutchinson has admitted that while she did not want to cooperate with the Select Committee, Mr. Passantino encouraged her to do so:







Answer:  The documents to which this Paragraph purports to refer are the best evidence of

their terms, and no response is required.  To the extent a response is required, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

14.    Ms. Hutchinson's text messages make clear that she was planning independent leaks of information to major media outlets to make sure it was "[her] narrative that's out there first" without the knowledge of Mr. Passantino.

Answer:  The documents to which this Paragraph purports to refer are the best evidence of their terms, and no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

15.    These texts were also consistent with a prior text exchange, which had been reported by the Daily Caller in July 2022, where Ms. Hutchinson expressed contempt for the Select Committee[4]:

---

[4] Henry Rodgers, *EXCLUSIVE: Text Messages Show Cassidy Hutchinson Referring to January 6 Committee as 'BS'*, DAILY CALLER (Jul. 3, 2022), https://dailycaller.com/2022/07/03/obtained-text-message-cassidy-hutchinson-called-january-6-committee-bs-before-testifying/.



Answer:  The documents to which this Paragraph purports to refer are the best evidence of their terms, and no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

16.    On September 14, 2022, Ms. Hutchinson testified for a fourth time before the Select Committee, this time with new counsel as she was no longer represented by Mr. Passantino, and she said, "I want to make this clear to you: Stefan never told me to lie."[5]

Answer:  This paragraph purports to quote testimony given by Cassidy Hutchinson before the Jan. 6 Select Committee.  The reference is incomplete and misleading, and Defendant objects that the transcript itself is the best evidence of its content.

17.    Ms. Hutchinson continued, "I just want to make sure that I make it clear that he didn't say, 'I want you to lie and say that you don't recall on these things when I know you recall.'"[6]  And she said again, "he didn't tell me to lie.  *He told me not to lie*."[7]

Answer:  This paragraph purports to quote testimony given by Cassidy Hutchinson before the Jan. 6 Select Committee.  The reference is incomplete and misleading, and Defendant objects that the transcript itself is the best evidence of its content.

18.    Despite all of this, a year and a day later, September 15, 2023, Defendant—a partisan who takes every opportunity to attack anyone associated with President Trump—tweeted to his approximately 320,000 followers on X (formerly, Twitter) that Mr. Passantino "coached [Cassidy Hutchinson] to lie":[8]

---

[5] *Testimony of Cassidy Hutchinson Before the H. Select Comm. to Investigate the Jan. 6th Attach on the United States Capitol*, 117th Cong., at 42:11 (Sept. 14, 2022), available at https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000928888/pdf/GPO-J6-TRANSCRIPT-CTRL0000928888.pdf.

[6] *Id*. at 42:17–18.

[7] *Id*. at 42:20–21 (emphasis added).

[8] Andrew Weissmann (@AWeissmann_), X (Sept. 15, 2023, at 3:18 p.m.), https://twitter.com/AWeissmann_/status/1702763825097748795.



Andrew Weissmann (weissmann11 on Threads)🌼
@AWeissmann_

Hunt also is Cassidy Hutchinson's good lawyer. (Not the one who
coached her to lie) And he is the guy who took notes of Trump saying,
when Mueller was appointed, quoting him as saying "I'm f....d"

<u>Answer:</u>  Defendant admits that he made a post on X (formerly Twitter) on September 15, 2023.  The post referred to is the best evidence of its terms, and no response is required.  Defendant denies any remaining allegations in Paragraph 18.

19.    Defendant knew this to be false, or said it with reckless disregard for its falsity, because the transcripts of testimony showed that Mr. Passantino had done nothing to obstruct or shape Ms. Hutchinson's testimony and indeed showed the opposite as she stated that "Stefan never told me to lie" and that "he told me not to lie."

<u>Answer:</u>  Defendant denies the allegations in Paragraph 19.

20.    Defendant chose to smear Mr. Passantino because of partisan animus and Mr. Passantino's prior affiliation with President Trump.  Additionally, Defendant attacked Mr. Passantino as a means of distracting from and rehabilitating the contradictory and uncredible aspects of Ms. Hutchinson's testimony, as they undermine the Select Committee and its partisan findings and purpose.

<u>Answer:</u>  Defendant denies the allegations in Paragraph 20.

21.    Defendant's smear has deeply damaged Mr. Passantino's 30-year reputation and had caused him to lose significant business and income.  Mr. Passantino seeks to hold Defendant accountable for this vicious lie and the damages it has wrought.

<u>Answer:</u>  Defendant denies the allegations in Paragraph 21.

## CAUSES OF ACTION

## COUNT I

### (Defamation and Defamation *Per Se*)

22.    Plaintiff incorporates by reference the above paragraphs as though set forth fully herein.

Answer:  Defendant incorporates by reference his responses to Paragraphs 1 through 21 Above as if fully set forth herein.

23.    On September 15, 2023, Defendant defamed Mr. Passantino by stating that Mr. Passantino "coached [Cassidy Hutchinson] to lie."

Answer:  Defendant denies the allegations in Paragraph 23.

24.    Defendant's statement is of and concerning Mr. Passantino because the context of the statement was meant to and is reasonably read to be about Mr. Passantino.

Answer:  Defendant denies the allegations in Paragraph 24.

25.    Defendant's statement is categorically false.

Answer:  Defendant denies the allegations in Paragraph 25.

26.    Defendant published the statement on X (formerly, Twitter), where he has approximately 322,000 followers, including residents of DC.  Defendant's tweet can be interacted with and viewed by residents of DC.  As of today, the statement has been viewed by approximately 116,000 people, including residents of DC.

Answer:  Defendant admits that he made a post on X (formerly Twitter) on September 15, 2023.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and on that basis denies those allegations.

27.    Given the publicly available transcripts of Ms. Hutchinson's testimony, Mr. Passantino's obvious cooperation with the Select Committee, and Ms. Hutchinson's statements

12

that Mr. Passantino did not tell her to lie, and in fact told her to tell the truth and to cooperate, Defendant knew that his statement was false, or he recklessly disregarded its falsity, and therefore published the statement with actual malice. At the very least, Defendant should have known with ordinary care that his statement was false, and therefore published the statement negligently.

Answer: Defendant denies the allegations in Paragraph 27.

28.    Defendant's statement is defamatory as it injures Mr. Passantino in his reputation, his profession as a lawyer, and in his community standing. The claim that Mr. Passantino—a 30-year practitioner of law with a reputation for ethics—would suborn perjury in congressional testimony, exposes him to hatred and contempt, and induces an unsavory opinion in the minds of members of the community.

Answer: Defendant denies the allegations in Paragraph 28.

29.    Defendant's statement is defamatory *per se* because it accuses Mr. Passantino of suborning perjury, a serious crime for which he could be indicted and punished, and involves moral turpitude. Moreover, the statement accuses Mr. Passantino of a gross violation of an attorney's ethical and professional obligations and deeply injures him in his profession.

Answer: Defendant denies the allegations in Paragraph 29.

30.    The defamatory statement has directly and proximately caused Mr. Passantino to suffer significant damages in Washington D.C. and Georgia, where he does business, including loss of business and income, damage to his reputation, humiliation, embarrassment, and mental anguish, all of which are ongoing in nature and will be suffered in the future. These damages were foreseeable to Defendant.

Answer: Defendant denies the allegations in Paragraph 30.

31.     Defendant published the defamatory statement knowingly, intentionally, willfully, wantonly, and maliciously, with intent to harm Mr. Passantino, or in blatant disregard for the substantial likelihood of causing him harm, thereby entitling Mr. Passantino to an award of punitive damages.

Answer:  Defendant denies the allegations in Paragraph 31.

32.     As a direct and proximate result of the misconduct of Defendant, Mr. Passantino is entitled to compensatory, special, and punitive damages, in excess of $75,000.

Answer:  Defendant denies the allegations in Paragraph 32.

## PLAINTIFF'S PRAYER FOR RELIEF

The remaining paragraphs consist of Plaintiff's prayer for relief, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.  Each and every allegation in the Complaint to which Defendant did not otherwise respond is hereby denied.

## STATEMENT OF DEFENSES

The following statement of defenses is not intended to characterize any particular defense as "affirmative," or to specify which party bears the burden of proof or persuasion on a particular issue.  Some of the defenses necessarily are asserted in the alternative.  Defendant reserves the right to amend, alter, and supplement the defenses asserted in this Answer as the facts and circumstances giving rise to this Complaint become known to the Defendant through the course of litigation.

## FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted or to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE
### (Not Of and Concerning)

The statements at issue were not of and concerning Plaintiff and therefore cannot provide a basis for any recovery by Plaintiff.

## THIRD DEFENSE
### (Opinion/Rhetorical Hyperbole)

The statements at issue are statements of opinion and/or rhetorical hyperbole rather than statements of fact capable of being proved true or false and therefore cannot provide a basis for any recovery by Plaintiff.

## FOURTH DEFENSE
### (Fair Comment)

The statements at issue are protected by qualified privilege, including the fair comment privilege, and therefore cannot provide a basis for any recovery by Plaintiff.

## FIFTH DEFENSE
### (Fair Report of an Official Proceeding)

The statements at issue are protected by the fair report privilege as they are based on testimony given in an official public proceeding.

## SIXTH DEFENSE
### (Substantial Truth)

The statements at issue are substantially true and therefore cannot provide a basis for any recovery by Plaintiff.

**SEVENTH DEFENSE**
**(Lack of Constitutional Actual Malice)**

Plaintiff is a public figure and cannot establish that Defendant acted with the requisite degree to fault – that is, the "actual malice" required by the United States Supreme Court in *New York Times Co. v. Sullivan*, 376. U.S. 254 (1964); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974); and other decisions – in making the statements or alleged implications at issue.

**EIGHTH DEFENSE**
**(Lack of Requisite Degree of Fault)**

Even if Plaintiff is not a general or limited purpose public figure within the meaning of *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974), Defendant cannot be held liable for the statements at issue because the statements at issue involved a matter of public concern and Defendant did not act with the requisite degree of fault – e.g., negligence or gross irresponsibility.

**NINTH DEFENSE**
**(Lack of Harm or Damage)**

Without in any way admitting that Defendant's conduct was unlawful or wrongful, Plaintiff is barred from any recovery because Plaintiff has not sustained any damages as a result of any act or omission by Defendant or chargeable to Defendant.

**TENTH DEFENSE**
**(Lack of Proximate Cause)**

Any alleged damages suffered by Plaintiff were not proximately caused by Defendant's conduct. Plaintiff was the subject of extensive, negative media coverage for his role in representing Cassidy Hutchinson before the Jan. 6 Select Committee long before Defendant made the complained-of post on X (formerly Twitter) on September 15, 2023. Any purported injury to reputation or other harm suffered by Plaintiff therefore was the result of intervening and/or superseding causes or events, which are not properly attributable to or foreseeable by Defendant and over which Defendant had no control.

**ELEVENTH DEFENSE**
**(Failure to Mitigate)**

. Without in any way admitting that Defendant's conduct was unlawful or wrongful, or that Plaintiff was in any way harmed by any conduct of Defendant, Plaintiff is barred from any recovery because of Plaintiff's failure to mitigate or eliminate his damages, if any, and any recovery by Plaintiff should be reduced or denied accordingly.

**TWELFTH DEFENSE**
**(Unjust Enrichment)**

Any damages award would unjustly enrich Plaintiff.

**THIRTEENTH DEFENSE**
**(Punitive Damages/First Amendment)**

Plaintiff is not entitled to recover punitive or exemplary damages because the statements at issue involved a matter of public concern and Defendant did not act with the requisite degree to fault – that is, with the "actual malice" required by the United States Supreme Court in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974); *St. Amant v. Thompson*, 390 U.S. 727 (1968); and other decisions – in making the statements or alleged implications at issue.

**FOURTEENTH DEFENSE**
**(Punitive Damages/Due Process)**

Any award of punitive or exemplary damages to Plaintiff would violate the constitutional rights of Defendant under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, (1) any award of punitive or exemplary damages would be grossly out of proportion to the alleged wrongful conduct and purported injury at issue here; (2) there is no legitimate state interest in punishing the alleged wrongful conduct at issue, or in deterring its possible repetition sufficient to warrant the imposition of punitive or exemplary damages; (3) the alleged wrongful conduct at issue here is not sufficiently reprehensible

to warrant the imposition of any punitive or exemplary damages; and (4) the criteria for the imposition of punitive or exemplary damages in these circumstances are unconstitutionally vague and uncertain and fail to provide fair notice of what conduct will result in the imposition of such damages.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests that the Court dismiss the Complaint with prejudice, enter judgment in Defendant's favor, award Defendant his costs and attorneys' fees to the extent permitted by law, and grant such other and further relief as the Court deems just and proper.

Dated:  November 14, 2024                    Respectfully submitted,

                                             /s/ *Ian Heath Gershengorn*
Andrew J. Thomas*                            Ian Heath Gershengorn (D.C. Bar No. 448475)
JENNER & BLOCK LLP                           Emanuel Powell III (D.C. Bar No. 90023481)
2029 Century Park East                       JENNER & BLOCK LLP
Suite 1450                                   1099 New York Avenue, NW
Los Angeles, CA  90067                       Suite 900
(213) 239-6900                               Washington, D.C.  20001
ajthomas@jenner.com                          (202) 639-6869
                                             igershengorn@jenner.com
* admitted *pro hac vice*                    epowell@jenner.com

*Counsel for Defendant Andrew Weissmann*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2024, I caused the foregoing answer to be electronically filed with the Clerk of Court using the Court's CM/ECF system, which caused a copy of this document to be delivered by electronic means to counsel of record.


Dated:  November 14, 2024                      */s/ Ian Heath Gershengorn*
                                               Ian Heath Gershengorn