## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEFAN PASSANTINO,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>ANDREW WEISSMANN,<br><br>　　　　　*Defendant*. | Civil Action No. 23-2780 (LLA) |

### ORDER FOR INITIAL SCHEDULING CONFERENCE

It is hereby **ORDERED** that the Initial Scheduling Conference be set for **January 29, 2025** at **11:00 a.m.** in **Courtroom 21**. Counsel who attend must be sufficiently familiar with the case to answer any questions that arise. Parties are welcome and encouraged to attend the Initial Scheduling Conference and all subsequent proceedings.

In accordance with Local Civil Rule 16.3(a) and Federal Rule of Civil Procedure 26(f)(1), counsel (including any non-incarcerated *pro se* party) shall confer at least twenty-one days before the date of the Initial Scheduling Conference to discuss the matters outlined in Local Civil Rule 16.3(c). Pursuant to Local Civil Rule 16.3(d) and Federal Rule of Civil Procedure 26(f)(2), counsel shall file a Joint Report no fewer than seven days before the date of the Initial Scheduling Conference that (1) includes a brief statement of the case and the statutory or common law basis for all causes of action and defenses; (2) outlines a detailed discovery plan as described in Federal Rule of Civil Procedure 26(f)(3); (3) addresses all topics listed in Local Civil Rule 16.3(c); and (4) sets forth a proposed scheduling order.

In considering a discovery schedule under Local Civil Rule 16.3(c)(8), counsel should be guided by the schedules contained in the Appendix to this Order.  Counsel are also reminded that Federal Rule of Civil Procedure 26(f)(3) requires discussion of issues related to the discovery of electronically stored information, preservation of discoverable information, and assertions of privilege or of protection of trial-preparation materials, including consideration of whether to seek an order reflecting an agreement of the parties regarding the procedure for asserting such claims after production.

In considering alternative dispute resolution as required by Local Civil Rule 16.3(c)(5), counsel are encouraged to consider mediation, arbitration, early neutral evaluation, and any other form of alternative dispute resolution that can be tailored to the needs of their case.

Parties are to communicate with the court by motion, opposition, reply, or notice, but not by letter or phone call.  Inquiries concerning the status or scheduling of pending matters shall be directed to the Courtroom Deputy Clerk, Ms. Margaret Pham (Margaret_Pham@dcd.uscourts.gov), rather than to chambers.  If Ms. Pham is unavailable, such inquiries shall be directed to the staff person in the Clerk's Office who has been designated as her substitute.  Chambers personnel will not handle questions relating to the status or scheduling of pending matters, nor will chambers staff provide legal advice of any kind.  In an emergency, however, chambers can be contacted at (202) 354-3500.

The court will grant continuances, extensions, or enlargements of time only upon the filing of a motion.  Motions for continuance of a court date must be filed at least three days before the hearing and must include at least two alternative dates that have been agreed to by the parties. Requests that do not include alternative dates acceptable to all parties will be denied.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   November 25, 2024

Appendix I

## DISCOVERY SCHEDULES

The following schedules are guidelines that are usually followed by the court. Variations may be appropriate in light of individual case differences. All time frames are calculated from the date of the initial scheduling conference.

|  | Expedited Cases | Standard Cases | Complex Cases |
| --- | --- | --- | --- |
| **Initial Disclosures** | 14 days | 30 days | 60 days |
| **Motion to Add Parties or Amend Pleadings** | 14 days | 21 days | 60 days |
| **Deadline for Post-R. 26(a) Discovery Requests** | 30 days | 45 days | 90 days |
| **Proponent's R. 26(a)(2) Statements** | N/A | 60 days | 120 days |
| **Opponent's R. 26(a)(2) Statements** | N/A | 90 days | 150 days |
| **Close of Discovery** | 60 days | 120 days | 180 days |
| **Limit on number of interrogatories per party** | 12 | 25 | 25 |
| **Limit on number of depositions per side** | 3 | 5 | 10 |