UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEFAN PASSANTINO,

*Plaintiff,*

v.

ANDREW WEISSMANN,

*Defendant.*

Case No.: 1:23-cv-02780-LLA

**JOINT CASE MANAGEMENT REPORT**

Pursuant to Rule 26(f)(2) of the Federal Rules of Civil Procedure ("FRCP") and Rule 16.3(d) of the Local Civil Rules of the United States District Court for the District of Columbia ("LCvR"), Plaintiff Stefan Passantino and Defendant Andrew Weissmann submit this written Joint Case Management Report and proposed Initial Civil Discovery Plan and Case Management Order ("Joint Report").

## I.  Plaintiff's Statement of the Case

This is a defamation case brought by Plaintiff Stefan Passantino against Defendant Andrew Weissmann, for defamatory comments made by Mr. Weissmann on his X (previously Twitter) account. In the post, Mr. Weissmann referred to Mr. Passantino—a lawyer—as someone "who coached [a Congressional witness] to lie." ECF No. 1 ¶ 18.

This case was filed on September 22, 2023. *See* ECF No. 1. On February 26, 2024, Mr. Weissmann moved to dismiss the claims in their entirety. *See* ECF No. 7.

On September 30, 2024, this Court granted in part and denied in part Defendant's Motion to Dismiss. *See* ECF No. 17.  On November 14, 2024, Mr. Weissmann filed his Answer to the Complaint. *See* ECF No. 19.

In Defendant's summary of the case, Defendant attempts to create a truth defense by claiming that Mr. Passantino advised Ms. Hutchinson to "falsely" testify, and that he does not contest this testimony. Mr. Passantino absolutely contests Defendant's characterization of Ms. Hutchinson's testimony, which is inconsistent with her multiple statements that Mr. Passantino advised her not to lie. While Defendant seeks to portray the testimony to their own advantage, the testimony speaks for itself and will be the subject of discovery.

## II. Defendant's Statement of the Case

This defamation case arises from a single tweet posted by Defendant Andrew Weissmann, a legal analyst and commentator who frequently appears on MSNBC. Compl., ECF No. 1 ¶ 1. The social media post concerned the testimony of Cassidy Hutchinson, a former aide to White House Chief of Staff Mark Meadows, who testified multiple times before the House Select Committee to Investigate the January 6th Attack on the United States Capitol.  Plaintiff Stefan Passantino represented Ms. Hutchinson before the January 6th Committee at three closed-door depositions in early 2022.  Compl. ¶ 9.

In June 2022, Ms. Hutchinson fired Mr. Passantino and retained new counsel. In late June, she gave a fourth, televised interview to the Committee, which generated substantial media coverage.  Ms. Hutchinson subsequently sent a letter to

the Committee stating that she intended to waive her attorney-client privilege with Mr. Passantino in order to share information that was relevant to her prior testimony. She gave a fifth, closed-door deposition in September 2022, during which she revealed details about the preparation she and Mr. Passantino had done ahead of her first Committee deposition. In this testimony, which Mr. Passantino has not challenged in this case, Ms. Hutchinson related that Mr. Passantino advised her to falsely answer "I don't recall" to questions even if she did have a general recollection of an event but did not recall some of the details. He explained that "I don't recall" would be "entirely fine" in situations where she did not "100 percent recall something." He emphasized that the Committee members "don't know what you can and can't recall," and instructed that "I don't recall" should be her "go-to" response, even if she did have a recollection of some facts. According to her testimony, Mr. Passantino also advised Ms. Hutchinson that "unless you remember a very specific day with a very specific event, 'I don't recall' is your answer." The goal, he explained, was to "downplay [her] position" and "focus on protecting the President."

Ms. Hutchinson's testimony was made public in December 2022 and generated extensive coverage by The New York Times, The Wall Street Journal, The Washington Post, CNN, and Bloomberg, among numerous other media organizations with audiences in the millions. This media coverage was highly critical of Mr. Passantino, who was described as having "coached" Ms. Hutchinson to "tell committee investigators during her interviews that she did not recall certain things,"

and having "told Cassidy Hutchinson to give misleading testimony" to the Committee. A few days later, Mr. Passantino took a leave of absence from his law firm.

A full nine months later, on September 15, 2023, Mr. Weissmann made the three-sentence social media post that is the basis for this lawsuit, in which he described Mr. Passantino in passing as the lawyer "who coached [Cassidy Hutchinson] to lie." Compl. ¶ 18. Plaintiff never sought a correction or retraction, and he has failed to identify any direct pecuniary loss caused by the tweet. *See* ECF No. 17 at 19. Instead, he seized the opportunity to generate a headline by filing this libel suit a week later, on September 22, 2023—a date that also happened to be three or four days ahead of the scheduled release date of Ms. Hutchinson's memoir, *Enough*.

## III.    Discovery Plan

During their January 8, 2025 case management conference, the parties reached a consensus on the following discovery schedule:

- Rule 26(a) Initial Disclosures Deadline: February 8, 2025

- Fact Discovery Closes: November 21, 2025

- Expert Discovery Closes: February 13, 2026.

## IV. LCvR 16.3(c) Matters

(1)    *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.*

<u>Plaintiff's Position:</u> Plaintiff's claims have already survived a motion to dismiss. Therefore, there is no need to stay this matter pending the resolution of any motions.

<u>Defendant's Position:</u> No dispositive motion is currently pending. As the Court is aware, it already ruled on Defendant's Motion to Dismiss which was granted in part and denied in part. Defendant filed his Answer and Affirmative Defenses on November 14, 2024. Defendant anticipates that he will file a motion for summary judgment based on substantial truth, the opinion and fair comment defenses, and lack of constitutional actual malice, and possibly other grounds.

> *(2)    The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The Parties agree that any amendments to the pleadings, including the joining of parties, shall be made no later than March 28, 2025.

> *(3)    Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The Parties do not agree that a magistrate judge should be assigned for all purposes, including trial.

> *(4)    Whether there is a realistic possibility of settling the case.*

The Parties discussed the possibility of settling the case and agree to engage in further discussions and are interested in mediation with a magistrate judge.

(5)    *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

The Parties believe that an ADR referral is premature at this time, but they are open to mediation with a magistrate judge.

(6)    *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

The Parties anticipate that dispositive motions will be filed at the conclusion of discovery. The Parties propose dispositive motion briefing pursuant to the following schedule:

- Dispositive Motion Deadline: March 2, 2026

- Deadline to File Oppositions: March 16, 2026

- Deadline to File Replies: March 30, 2026

(7)    *Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The Parties propose that initial disclosures be exchanged by February 5, 2025, as required by FRCP 26(a)(1)(C). Parties do not plan to make any changes in scope, form, or timing of these disclosures.

(8)    *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is*

> *appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

The Parties propose a fact discovery period of ten (10) months, followed by an expert discovery period of three (3) months.  Under this schedule, fact discovery would close on November 21, 2025, and expert discovery would close on February 13, 2026.This proposed schedule is necessarily tentative, as the Parties anticipate that there may be delays in obtaining third-party discovery, including from X (formerly Twitter) and third-party discovery necessary to test any claim of reputational injury advanced by Plaintiff or defenses claimed by the Defendant—including evidence of the negative publicity, reputational injury, and professional consequences that Mr. Passantino faced *before* Defendant posted his one, September 2023 tweet, reputational injury caused by Ms. Hutchinson's memoir *Enough*, as well as testimony from any witnesses that Plaintiff identifies as having changed their opinion of Plaintiff as a result of Defendant's one tweet.

The Parties further propose that discovery requests and responses thereto, including documents responsive to discovery requests, should be served electronically via email if practicable. To the extent practicable, the parties should notify the opposing party before sending large files and confer in good faith as to alternative means of service.

The Parties anticipate that the entry of a protective order will be necessary and agree to work cooperatively and in good faith with Plaintiff to prepare a joint motion for a protective order.

(9)    *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

The Parties agree that each party will produce any electronically stored information consistent with FRCP 34 and any other applicable rules. The Parties do not anticipate any unique issues relating to the preservation of Electronically Stored Information ("ESI"). To the extent there is a need for discovery of ESI, the Parties agrees to produce ESI in a reasonably usable form as agreed by the parties.

(10)   *Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.*

The Parties will seek Court approval of a protective order or bring any related disputes to the Court for resolution.

(11)   *Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.*

The Parties do not believe the requirements set forth in Federal Rule of Civil Procedure 26(a)(2) should be modified, except for the default timing provisions of Rule 26(a)(2)(D).   The Parties propose that Plaintiff's expert disclosures be made by December 5, 2025, and that Defendant's expert disclosures be made by January 16, 2026.   The Parties further propose that expert depositions take place between January 20 and February 13, 2026, unless otherwise agreed by the Parties.

(12)    *In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

Not applicable.

(13)    *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The Parties agree that it is premature to discuss bifurcation at this time but reserve the right to request that the Court bifurcate or phase trial or discovery as appropriate or necessary.

(14)    *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The Parties propose that the Court set the date for the pretrial conference at the post-discovery scheduling conference on a date satisfactory to the Court.

(15)    *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The Parties agree that the Court set the trial date at the pretrial conference on a date satisfactory to the Court.

(16)    *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

The Parties are aware of no other matters requiring the attention of the Court at this time.

## V.    LCvR 16.3(d) Certification

This Joint Report is respectfully submitted by Plaintiff Stefan Passantino and Defendant Andrew Weissmann. The attorneys of record, appearing below, made reasonable efforts to participate in conference and believe this report accurately reflects their positions as articulated in the conference.

Dated: January 22, 2025                    Respectfully submitted,


*/s/    Jesse R. Binnall*                         */s/ Ian Gershengorn*

Jesse R. Binnall, Bar ID VA022
Jason C. Greaves, D.C. Bar No.
1033617
Shawn Flynn, Bar ID MI0101
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
jason@binnall.com
shawn@binnall.com

*Counsel for Plaintiff Stefan Passantino*

Ian Heath Gershengorn (D.C. Bar
No. 448475)
Emanuel Powell III (D.C. Bar No.
90023481)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, D.C. 20001
(202) 639-6869
igershengorn@jenner.com
epowell@jenner.com


Andrew J. Thomas*
JENNER & BLOCK LLP
2029 Century Park East
Suite 1450
Los Angeles, CA 90067
(213) 239-6900

ajthomas@jenner.com

*Counsel for Defendant Andrew Weissmann*

\* admitted pro hac vice

## CERTIFICATE OF SERVICE

I certify that on January 22, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Jesse R. Binnall*
Jesse R. Binnall

*Counsel for Plaintiff Stefan Passantino*