IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEFAN PASSANTINO,<br><br>*Plaintiff,*<br><br>v.<br><br>ANDREW WEISSMANN,<br><br>*Defendant.* | Case No. 1:23-cv-02780 (LLA) |

## JOINT MOTION REQUESTING VIDEO CONFERENCE

In accordance with Section IV of this Court's Scheduling Order, ECF No. 22, Plaintiff Stefan Passantino and Defendant Andrew Weissmann (the "Parties') jointly request an on-the-record video conference to resolve an ongoing discovery dispute.

**I.      Issue in Dispute**

Defendant served Plaintiff interrogatories and requests for production on March 14, 2025, by email.[1] On April 11, 2025, Plaintiff's counsel requested a two-week extension to submit responses. Later that day, Defendant's counsel consented initially to a one-week extension and, on April 18, 2025, consented to the requested two-week extension, making Plaintiff's responses to Defendant's discovery requests due on April 28, 2025. Plaintiff served timely responses on April 28, 2025.[2]

On June 9, 2025, Defendant emailed Plaintiff a discovery deficiency letter.[3] As detailed further below, the deficiency letter asserted that Plaintiff failed to provide good faith responses to Defendant's interrogatories and requests for production, failed to adhere to the level of explanation

---

[1] Attached as Exhibit A.
[2] Attached as Exhibit B.
[3] Attached as Exhibit C.

required under the Federal Rules of Civil Procedure, and, in several cases, failed to respond at all to Defendant's requests. In accordance with the Scheduling Order, Parties conferred on June 12, 2025, regarding the dispute. Parties were unable to reach a resolution during the meet-and-confer and now ask the Court to schedule an on-the-record video conference to resolve the dispute.

II.     Parties' Positions

    A.     Plaintiff's Position

Plaintiff's position is that an "Attorney's Eyes Only" provision is important to this litigation. A party seeking an "Attorney's Eyes Only" provision must demonstrate good cause, providing specific examples for its justification. *Alexander v. F.B.I.*, 186 F.R.D. 54, 57–58 (D.D.C. 1998). "Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to attorneys and experts." *Id.* at 58 (quoting *Westside–Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, 1998 WL 186728 (E.D. La. April 17, 1998)). This case will involve the disclosure of Plaintiff's sensitive financial documents, such as tax returns, as well as Plaintiff's sensitive billing records from his legal and consulting practices. As the Complaint illustrates, Defendant has already publicly attacked Plaintiff and is currently employed by a major media company and has a large following. Compl. at ¶ 1. Furthermore, it is public knowledge that Defendant has been willing to blur lines in the past, deleting phone data from the Mueller Investigation. Chuck Grassley, *DOJ FOIA Release: Members of Mueller Team Repeatedly 'Wiped' phones as Watchdog Sought Records*, News Releases (Sept. 11, 2020), https://www.grassley.senate.gov/news/news-releases/doj-foia-release-members-mueller-team-repeatedly-wiped-phones-watchdog-sought. Thus, there is added risk to the confidential nature of Plaintiff's sensitive financial information. An "Attorney's Eyes Only" provision "will insure that [Plaintiff] will not suffer harm similar to that specifically alleged in [his] complaint." *Alexander*, 186 F.R.D at 58. Furthermore, courts routinely hold that it is appropriate to mark financial

2

information, such as tax returns, as "Attorney's Eyes Only." *See Garsite/Progress, LLC v. Paul*, 2014 WL 12902125, at *2 (D. Kan. Sept. 9, 2014); *Hackett v. Feeney*, 2011 WL 4433663, at *5 (D. Nev. Sept. 22, 2011); *Dowd v. City of Los Angeles*, 2012 WL 13066523, at *4 (C.D. Cal. Jul. 2, 2012); *Parks v. Miller*, 2020 WL 12813969, at *4 (C.D. Ill. Mar. 31, 2020); *Johnson v. Soo Line Railroad Co.*, 2019 WL 4037963, at *3 (N.D. Ill. Aug. 27, 2019). And Plaintiff's billing records constitute proprietary information, warranting additional confidential treatment.

Accordingly, based on the foregoing, Plaintiff respectfully requests that this Court enter a protective order including a provision for "Attorney's Eyes Only," should it become necessary. Plaintiff assures the Court that he would not abuse this provision and that it would be used sparingly, as needed. Entering this order now serves in the best interests of judicial economy because if the need arises to designate documents as "Attorney's Eyes Only," from either party, this will prevent future proceedings to modify a protective order that does not include such provision.

### B.    Defendant's Position

Plaintiff failed to provide any substantive response to Defendant's discovery requests and did not provide any response at all to Interrogatories 2, 10, 15, and 23 or Requests for Production 26, 36, 37, and 44. Plaintiff's perfunctory objections to Defendant's Interrogatories 19, 20, and 22 and Requests for Production 33, 34, 38, and 40 as "premature" were particularly improper. These discovery requests sought information and documents supporting Plaintiff's claims for damages, including his allegations that Mr. Weissmann's post "directly and proximately caused Mr. Passantino to suffer significant damages in Washington D.C. and Georgia, where he does business, including loss of business and income, damage to his reputation, humiliation, embarrassment, and mental anguish, all of which are ongoing in nature and will be suffered in the future." ECF No. 1 ¶ 30. In accordance with this Court's decision to refer the Parties to mediation before Magistrate

Judge Sharbaugh, the Parties agreed upon a mediation date of May 13, 2025, specifically so that the Parties would have time to propound and receive substantive responses to written discovery that would inform the mediation process. Specific information regarding Plaintiff's alleged damages also should have been provided in Plaintiff's initial disclosures, as required by Federal Rule of Civil Procedure 26(a). Plaintiff did not provide any information about his alleged damages—or any other substantive information—in his discovery responses, which are attached as Exhibit B. Defendant asks the Court to compel Plaintiff to provide substantive answers and produce documents at this time or, in the alternative, asks that the Court exclude all evidence of damages in the ongoing proceedings and at trial given Plaintiff's unjustified failure to provide damages information under Rule 26(a). *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Burns v. Levy*, 2019 WL 6465142, at *24 (D.D.C. Dec. 2, 2019) (excluding evidence related to lost income damages given plaintiff's failure to "include a computation in her initial disclosures, supplemental disclosures, or responses to discovery requests").

      Plaintiff also ignored basic procedural requirements when asserting his objections. Despite repeatedly objecting to Defendant's requests on the basis that they were "overly broad, unduly burdensome, and not proportional to the case," Plaintiff failed to make the requisite "specific, detailed showing of how the interrogatory is burdensome or … how it is over broad." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 8 (D.D.C. 2007) (quotation marks omitted). Plaintiff asserted that requests for, among other things, information concerning his representation of Cassidy Hutchinson (relevant to truth), complaints or other similar proceedings concerning his

4

representation of Cassidy Hutchinson (relevant to reputational injury), and information regarding his basis for alleging that Defendant acted with actual malice or negligently (relevant to liability) were protected under attorney client privilege, attorney work product, or other privileges. Yet Plaintiff failed to describe "the nature of the documents, communications, or tangible things not produced or disclosed … in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" as required by Federal Rule of Civil Procedure 26(b)(5). During the meet and confer call, Plaintiff's counsel asserted that they have responsive discovery but would refuse to provide it until a protective order that includes an "attorneys' eyes only" designation is entered by this Court. Defendant provided Plaintiff with suggested edits to a draft protective order on April 28, 2025—including removal of the "attorneys' eyes only" designation—and Defendant was prepared to submit the proposed protective order to this Court at that time. The D.C. Circuit has counseled district courts to be "chary of issuing protective orders that restrict the ability of counsel and client to consult with one another during trial or during the preparation therefor." *Klayman v. Jud. Watch, Inc.*, 247 F.R.D. 19, 24 (D.D.C. 2007) (quoting *Doe v. D.C.*, 697 F.2d 1115, 1119 (D.C. Cir. 1983)). A blanket "attorneys' eyes only" designation contravenes this precedent and is wholly unnecessary here where both parties are attorneys and the proposed protective order[4] requires confidential treatment of designated discovery material. Defendant respectfully requests that the Court compel Plaintiff to provide substantive, good-faith responses to Defendant's discovery requests. And, to the extent Plaintiff continues to object to Defendant's discovery responses, to comply with the Federal Rules such that Defendant can adequately respond.

---

[4] Attached as Exhibit D.

5

**III.  Available Times**

The parties submit the following dates and times they are both available for a video conference with the Court:

1. Wednesday, June 18, 2025 at 3:30pm ET

2. Friday, June 20, 2025 at 2:00pm ET

3. Friday, June 20, 2025 at 3:00pm ET

Dated:  June 18, 2025                                              Respectfully submitted,

/s/ *Jesse R. Binnall*                                                       /s/ *Andrew J. Thomas*
Jesse R. Binnall, Bar ID VA022                             Andrew J. Thomas*
Jason C. Greaves, D.C. Bar No. 1033617              JENNER & BLOCK LLP
Shawn Flynn, Bar ID MI0101                                2029 Century Park East
BINNALL LAW GROUP, PLLC                             Suite 1450
717 King Street, Suite 200                                     Los Angeles, CA 90067
Alexandria, Virginia 22314                                   (213) 239-6900
Phone: (703) 888-1943                                         ajthomas@jenner.com
Fax: (703) 888-1930
jesse@binnall.com                                                 * admitted *pro hac vice*
jason@binnall.com
shawn@binnall.com
                                                                             Ian Heath Gershengorn
*Counsel for Plaintiff Stefan Passantino*                 Emanuel Powell III
                                                                             JENNER & BLOCK LLP
                                                                             1099 New York Avenue, NW
                                                                             Suite 900
                                                                             Washington, D.C. 20001
                                                                             (202) 639-6869
                                                                             igershengorn@jenner.com

                                                                             *Counsel for Defendant Andrew Weissmann*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2025, I caused the foregoing memorandum to be electronically filed with the Clerk of Court using the Court's CM/ECF system, which caused a copy of this document to be delivered by electronic means to counsel of record.

Dated: June 18, 2025                                        /s/ *Andrew J. Thomas*
                                                            Andrew J. Thomas