# EXHIBIT

# A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEFAN PASSANTINO, | |
| *Plaintiff*, | |
| v. | Case No. 1:23-cv-02780 (LLA) |
| ANDREW WEISSMANN, | |
| *Defendant*. | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES
TO PLAINTIFF STEFAN PASSANTINO**

1

PROPOUNDING PARTY:          Defendant Andrew Weissmann

RESPONDING PARTY:           Plaintiff Stefan Passantino

SET NUMBER:                 One


Pursuant to Federal Rule of Civil Procedure 33, Defendant Andrew Weissmann, by and through his attorneys, hereby requests that Plaintiff Stefan Passantino responds in writing and under oath to the Interrogatories set forth herein within thirty (30) days of service.

### DEFINITIONS

As used herein, the terms specified below are defined as follows:

1.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory any information that might otherwise be construed as outside their scope.

2.      "Any" and "all" as used herein shall include each other within their meaning, whether both are referenced or otherwise.

3.      "You" or "Your" means Plaintiff Stefan Passantino and anyone acting or purporting to act on his behalf or for his benefit, at present or in the past.

4.      "Cassidy Hutchinson" means Your client whom You represented before the January 6 Select Committee for depositions on February 23, 2022, March 7, 2022, and May 17, 2022.

5.      "Communications" means any transmission of words, thoughts, or information between or among two or more persons, including without limitation words, spoken words, conversations, comments, posts, inquiries, understandings, agreements, meetings, conferences, discussions, and talks, whether transmitted in person, in writing, by telephone, facsimile, electronic mail, text messages, or using social media.

2

6.     "Defendant" means Defendant Andrew Weissmann.

7.     The term "Document" is used herein in its broadest sense to encompass the full breadth of meaning permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence.  This term includes, but is not limited to, all writings of any nature whatsoever, including in digital or electronic form, audiovisual materials, social media posts, and all Communications, including in electronic form.

8.     "Identify" means to fully describe all persons, places, documents, events, and circumstances relating to the subject of the Interrogatory. When an Interrogatory asks You to Identify a person, state the person's (a) full name; (b) home and business address (or last known address); (c) home, cellular, and business telephone number (or last known number); and (d) present employer and position (or last known employer and position). Once a person has been identified in accordance with these instructions, only the name of the person need be listed in response to subsequent Interrogatories regarding the identification of that person. When an Interrogatory asks You to Identify a Document, state (a) the type of Document; (b) the date, if any, on the Document; (c) the author(s) or sender(s) of the Document; (d) the addressee(s) or recipient(s) of the Document; (e) the subject matter of the Document, including any attachments; and (f) the person(s) having custody or control over the Document.

9.     "January 6 Select Committee" or "House Select Committee" means the United States House Select Committee on the January 6th Attack on the United States Capitol or any member of the House Select Committee, or any staff of the House Select Committee.

10.    "Lawsuit" means this action, captioned *Stefan Passantino v. Andrew Weissmann*, United States District Court for the District of Columbia, Case No. 1:23-cv-02780 (LLA), filed on September 22, 2023.

11.      "Weissmann Tweet" means Defendant's social media post on X (formerly, Twitter) on September 15, 2023, at 3:18 p.m. EDT which reads, in part, "Hunt also is Cassidy Hutchinson's good lawyer. (Not the one who coached her to lie) And he is the guy who took notes of Trump saying, when Mueller was appointed, quoting him as saying 'I'm f….d.'"

## INSTRUCTIONS

1.      If You refuse to answer the Interrogatory, please state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

2.      If, in answering the Interrogatory, You encounter any ambiguity in construing either the Interrogatory or the instruction or definition relevant to the inquiry contained within the Interrogatory, please Identify the matter deemed ambiguous and set forth the construction chosen or used in responding to the Interrogatory.

3.      If, after reasonable and thorough investigation using due diligence, You are unable to answer any Interrogatory or any part thereof, on the ground of lack of information available to You, please state with particularity and specificity why the information is not available and the efforts that You undertook to provide the information requested.  If You know the name of an individual or entity possessing any or all of the information sought by the Interrogatory that You cannot furnish, please Identify such individual or entity and the nature of the information possessed by such individual or entity.

4.      When documents, data, knowledge, or information in Your possession, custody, or control are requested, such request includes knowledge of Your agents, representatives, experts, or persons consulted regarding any factual matters or opinions relating to any of the facts or issues in this case, and, unless privileged, Your attorneys.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons with whom You had any Communications referring to, mentioning, or relating in any way to Defendant, the Weissmann Tweet, or this Lawsuit, including the date and substance of each such Communication and including any person claiming to have knowledge of any damage to Your reputation, loss of clients or business, or other harm to You as a result, in whole or in part, of the Weissmann Tweet.

**INTERROGATORY NO. 2:** Identify each person specifically known to You who read the Weissmann Tweet and, for each such person, state the date and manner in which You learned that the person had read the Weissmann Tweet.

**INTERROGATORY NO. 3:** Identify all persons with knowledge of Your Communications with Cassidy Hutchinson in connection with preparing her to provide evidence or potential evidence to the House Select Committee, including any persons who were present during Your Communications with her or assisted in preparing her to provide evidence.

**INTERROGATORY NO. 4:** Describe in detail the factual and legal bases for Your contention in paragraph 27 of Your Complaint in this Lawsuit that Defendant acted with actual malice or, in the alternative, acted negligently by publishing the Weissmann Tweet.

**INTERROGATORY NO. 5:** Identify all public statements, interviews, writings, meetings, public forums, speaking engagements, internet postings (including on Twitter, X, Bluesky,

Threads, TikTok, Facebook, Instagram, Substack, or LinkedIn) and/or television, radio, internet, or podcast appearances by You relating to Cassidy Hutchinson, Defendant, or Your representation of Cassidy Hutchinson in connection with her appearances before the House Select Committee.

**INTERROGATORY NO. 6:** Identify all Communications that You have had with any media organization relating to Cassidy Hutchinson, Defendant, and/or Your representation of Cassidy Hutchinson in connection with her appearances before the House Select Committee.

**INTERROGATORY NO. 7:** Identify by date, title publisher, and subject matter all material authored or co-authored by You, whether or not attributed to You, which has been published for or disseminated to the public in the past ten (10) years.

**INTERROGATORY NO. 8:** Identify each and every instance in which You have been mentioned, identified, referred to (directly or indirectly), or quoted in any book, magazine, newspaper, internet publication, website, or application (including Twitter, X, Bluesky, Threads, TikTok, Facebook, Instagram, Substack, or LinkedIn), or television or radio program or podcast within the past ten (10) years, including within Your answer the date and time thereof, the subject matter thereof, and the identity of the book, magazine, newspaper, internet website, television or radio station or podcast.

**INTERROGATORY NO. 9:** Identify each person or entity, including any news media organization, that to Your knowledge has expressed criticism of Your conduct in representing Cassidy Hutchinson in connection with her appearances before the House Select Committee and,

for each person or entity, Identify the date of the statement, describe the nature of the criticism, and Identify each person You have reason to believe has knowledge of the criticism.

**INTERROGATORY NO. 10:** Identify each person who has indicated to You that the person thought less of You as a result, in whole or in part, of the publication of the Weissmann Tweet and state in what manner that person thought less of You as a result, in whole or in part, of the publication of the Weissmann Tweet.

**INTERROGATORY NO. 11:** Identify each person who has indicated to You that the person thought less of You as a result, in whole or in part, of any evidence provided by Cassidy Hutchinson to the House Select Committee, any bar complaints, any media coverage of the House Select Committee or Cassidy Hutchinson, or any other source.

**INTERROGATORY NO. 12:** Identify each and every person (1) who You claim was aware of Your reputation prior to September 15, 2023, (2) who You claim is aware of Your reputation after September 15, 2023, and (3) who You claim is aware of how Your reputation has been affected as a result, in whole or in part, of the Weissmann Tweet.  As to each such person, state the nature and substance of their knowledge.

**INTERROGATORY NO. 13:** Identify all cultural, political, business, civil, educational, religious, social or charitable organizations of which You are now a member or have been a member within the past 10 years and, for each such organization, describe the nature or purpose of the organization, the inclusive dates of Your membership, any position You held in the

organization, the city and state in which You held such a position, and the dates You held such position.

**INTERROGATORY NO. 14:** Identify every corporation, joint venture, partnership, or other business entity in which You have been shareholder or held any ownership interest in the past ten (10) years, including the nature or purpose of the entity or venture, the type and percentage of the interest held by You in the entity or venture, the inclusive dates that You held such interest, any consideration paid by You to acquire Your interest and, if You no longer have an ownership interest in the venture, the date You disposed of Your interest and any consideration You received upon such disposition.

**INTERROGATORY NO. 15:** State whether You have ever been arrested or charged with any crime (other than a traffic or parking violation) and, for each such incident, describe in detail the date, jurisdiction, and caption or docket number, the nature of the offense(s) and any plea, and the disposition or current status of the matter,

**INTERROGATORY NO. 16 :** Identify each and every civil lawsuit, administrative proceeding, arbitration, or mediation to which You have been a party and, for each such proceeding, Identify the jurisdiction, caption, agency, case title, and docket number, the nature of the claim(s0 asserted, all parties to the proceeding, Your attorney in the proceeding, and the disposition or current status of the proceeding.

**INTERROGATORY NO. 17:** State whether You have ever been the subject of an investigation

conducted by any prosecutorial, regulatory, administrative or other agency or office (whether local, state, or federal) and, for each such investigation, Identify each agency or entity conducting any such investigation, the inclusive dates of such investigation; the nature of such investigation, and any result or disposition of such investigation.

**INTERROGATORY NO. 18:** Identify each and every instance in which You or a client of Yours has been the subject of a sanctions order issued by any court or other tribunal or any motion for sanctions, including without limitation any motion pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, any discovery rules, or any other federal or state statute or rule.

**INTERROGATORY NO. 19:** Describe in detail the facts supporting Your contention in paragraphs 28 and 30 of the Complaint in this Lawsuit that Your reputation suffered harm as a result, in whole or in part, of the Weissmann Tweet, including which of those damages are for "loss of business and income," for "damage to [] reputation," and for "humiliation, embarrassment, and mental anguish," as alleged in Paragraph 30 of the Complaint.

**INTERROGATORY NO. 20:** Describe with specificity what direct pecuniary losses You have suffered as a result of the Weissmann Tweet, including a description of the date of such loss, an itemization and calculation of all such loss, and the information and/or documentation that You claim will prove such damages (including the location of said information and/or documentation).

**INTERROGATORY NO. 21:** Identify all current, former, or prospective customers or clients

that have not retained your or have stopped in whole or in part doing business with You as a result, in whole or in part, of the Weissmann Tweet and, for each such client or customer, state the dates on which or during which they were Your customer or client, how much in business You received from each customer or client before the alleged defamation occurred, and all Communications with the customer or client that referred or related to the Weissmann Tweet.

**INTERROGATORY NO. 22:** To the extent You allege mental, emotional, or physical injury as a result, in whole or in part, of the Weissmann Tweet, describe in detail the type of injury suffered, the time period during which You have suffered from the injury, how the Weissmann Tweet caused the injury, and all monetary damages suffered from the injury.

**INTERROGATORY NO. 23:** If You have sought medical treatment for mental, emotional, or physical injury that You allege was caused, in whole or in part, by the Weissman Tweet, describe in detail the medical professional or service provider who treated You, including their name, office location, and contact information, the injury for which You sought treatment, all diagnoses You received for the injury, all treatments You received for the injury, the cause for the injury according to the medical professional or service provider, if known, the date(s) on which You received treatment, and the cost of treatment and any related expenses that You incurred.

**INTERROGATORY NO. 24:** State whether You have taken any action to mitigate or remedy the damage or injury You allegedly have suffered because of the Weissmann Tweet and, for any such action, describe the action in detail, and Identify each person who You believe has knowledge of any such action.

Dated:  March 14, 2025

By:   /s/ *Andrew J. Thomas*

Andrew J. Thomas*  
JENNER & BLOCK LLP  
2029 Century Park East  
Suite 1450  
Los Angeles, CA  90067  
(213) 239-6900  
ajthomas@jenner.com

* admitted *pro hac vice*

Ian Heath Gershengorn (D.C. Bar No. 448475)  
Emanuel Powell III (D.C. Bar No. 90023481)  
JENNER & BLOCK LLP  
1099 New York Avenue, NW  
Suite 900  
Washington, D.C.  20001  
(202) 639-6869  
igershengorn@jenner.com  
epowell@jenner.com

*Counsel for Defendant Andrew Weissmann*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 14, 2025, I served the foregoing **DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF STEFAN PASSANTINO** on counsel of record for Plaintiff by electronic mail, as follows:

BINNALL LAW GROUP
Jesse R. Binnall (jesse@binnall.com)
Jason Greaves (jason@binnall.com)
Shawn Flynn (shawn@binnall.com)
717 King Street, Suite 200
Alexandria, VA  22314


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on March 14, 2025 in Los Angeles, California.


Dated:  March 14, 2025                    */s/ Andrew J. Thomas*
                                          Andrew J. Thomas

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| STEFAN PASSANTINO, | |
| *Plaintiff*, | |
| v. | Case No. 1:23-cv-02780 (LLA) |
| ANDREW WEISSMANN, | |
| *Defendant*. | |

**<u>DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
TO PLAINTIFF STEFAN PASSANTINO</u>**

PROPOUNDING PARTY:    Defendant Andrew Weissmann

RESPONDING PARTY:     Plaintiff Stefan Passantino

SET NUMBER:           One


Pursuant to Federal Rule of Civil Procedure 34, Defendant Andrew Weissmann, by and through his attorneys, hereby requests that Plaintiff Stefan Passantino responds to the Requests for Production of Documents ("Requests") set forth herein and produce all responsive materials within thirty (30) days of service.

## **DEFINITIONS**

As used herein, the terms specified below are defined as follows:

1.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information that might otherwise be construed as outside their scope.

2.    "Any" and "all" as used herein shall include each other within their meaning, whether both are referenced or otherwise.

3.    "You" or "Your" means Plaintiff Stefan Passantino and anyone acting or purporting to act on his behalf or for his benefit, at present or in the past.

4.    "Cassidy Hutchinson" means Your client who You represented before the January 6 Select Committee at three depositions—February 23, 2022, March 7, 2022, and May 17, 2022.

5.    "Communication" means any transmission of words, thoughts, or information between or among two or more persons, including without limitation words, spoken words, conversations, comments, posts, inquiries, understandings, agreements, meetings, conferences, discussions, and talks, whether transmitted in person, in writing, by telephone, facsimile, electronic mail, text messages, or using social media.

6.      "Defendant" means Defendant Andrew Weissmann.

7.      The term "Document" is used herein in its broadest sense to encompass the full breadth of meaning permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence.  This term includes, but is not limited to, all writings of any nature whatsoever, including in digital or electronic form, audiovisual materials, social media posts, and all Communications, including in electronic form.

8.      "January 6 Select Committee" or "House Select Committee" means the United States House Select Committee on the January 6th Attack on the United States Capitol or any member of the House Select Committee, or any staff of the House Select Committee.

9.      "Lawsuit" means this action, captioned *Stefan Passantino v. Andrew Weissmann*, United States District Court for the District of Columbia, Case No. 1:23-cv-02780 (LLA), filed on September 22, 2023.

10.      "Weissmann Tweet" means Defendant's social media post on X (formerly, Twitter) on Sept. 15, 2023, at 3:18 p.m. EDT which reads, in part, "Hunt also is Cassidy Hutchinson's good lawyer. (Not the one who coached her to lie) And he is the guy who took notes of Trump saying, when Mueller was appointed, quoting him as saying 'I'm f….d.'"

## <u>INSTRUCTIONS</u>

1.      In producing items and Documents pursuant to this Request, You are required to furnish any and all Documents in Your possession, custody, or control that are known or available to You, regardless of whether those Documents are possessed by You or by any agent, attorney, investigator, representative, researcher, consultant, surveyor, or employee.  You must make a diligent search of Your records (including paper records, computerized records, electronic mail records, voicemail records, Skype records, Instant Message records, Slack records, short messaging service (SMS) records, multimedia messaging service (MMS) records, session message

records commonly used on WhatsApp, template message records commonly used on WhatsApp, encrypted messages commonly sent on ephemeral applications, text message records, digital records, records of meetings and telephone or video calls, ISPs, servers, and server logs) and of other papers and materials under the possession, custody, or control of You or Your attorney(s), investigator(s), surveyor(s), or other agent(s) or representative(s).

2.      With respect to any Document or other material called for by this Request that You contend You are not required to produce because of an asserted privilege (that You are not presently prepared to waive), in lieu of producing such "privileged" Document, You shall separately identify it in a log containing the following information with respect to each such Document: (a) the author, creator, or preparer of such Document; (b) all Persons to whom it (or any duplicate) was distributed, shown, or explained; (c) its date of creation; (d) its page length; (e) a summary of the contents of the Document without disclosure of the matter You claim to be privileged; (f) the privilege asserted with respect to it (*e.g.*, attorney-client, self-incrimination, etc.); and (g) any statute that You contend supports its assertion of privilege.

3.      Notwithstanding the assertion of any objection, any Document or other material asserted to be privileged or otherwise protected from discovery that contains non-privileged content or material shall be disclosed, with the purportedly privileged portion(s) redacted.  The redacted portions should be included in the privilege log.

4.      If any Document or other material that would have been responsive to this Request has been destroyed, lost, transferred, or is otherwise no longer in Your possession, custody, or control, You shall provide the following information for each such item: (a) the author, creator, or preparer of such item; (b) all Persons to whom it (or any duplicate) was distributed, shown, or explained; (c) its date of creation; (d) its page length; (e) a summary of the contents of the item;

(f) the location of all copies of the item; and (g) the date of its destruction, loss, transfer, or other action by which the item left Your possession, custody, or control.  You are also requested to Identify the Person(s) responsible for such destruction, loss, transfer, or other action.

5.      You shall produce all electronic Documents, metadata intact, in the form in which they exist in Your system or database, as allowed by Federal Rule of Civil Procedure 34(b)(1)(C). In searching electronic databases, emails, or any other means of electronic storage, You must create search terms that will identify and isolate all responsive Documents.  To the extent the parties agree in writing to a different protocol for the production of ESI, or one is imposed by the Court, that such protocol shall apply.

6.      Defendant reserves the right to request that Documents be produced in their native format.

7.      This Request is continuing, and You have a duty to supplement, amend, or correct any and all prior answers or responses whenever new or additional information subsequently becomes known, and/or whenever You subsequently discover further Documents or other material called for herein.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** All Documents identified in Your answers to Defendant's first set of interrogatories in this Lawsuit.

**REQUEST FOR PRODUCTION NO. 2:** All versions of Your resumes, biographies, or curriculum vitae for the past ten (10) years.

**REQUEST FOR PRODUCTION NO. 3:** All calendars, diaries, and journals maintained by You or on Your behalf for the period from January 1, 2022, to the present that reflect all communications with or concerning in any way: Cassidy Hutchinson; the House Select Committee; Donald Trump; other clients represented in connection with actual or potential testimony or evidence gathering by the January 6 Select Committee; and/or any person or entity that communicated about the Weissmann Tweet (other than communications with current counsel about the Lawsuit).

**REQUEST FOR PRODUCTION NO. 4:** All documents, including but not limited to statements, affidavits or declarations, obtained from any person relating to any of the allegations or claims in the Complaint.

**REQUEST FOR PRODUCTION NO. 5:** All Documents that refer or relate in any way to the Weissmann Tweet, Cassidy Hutchinson; or the House Select Committee, or any person or entity that communicated about the Weissmann Tweet (other than communications with current counsel about the Lawsuit).

**REQUEST FOR PRODUCTION NO. 6:** All Documents that constitute, refer to, or otherwise relate to any agreements or Communications between You and Cassidy Hutchinson relating to Your representation of Cassidy Hutchinson in connection with her appearances before the House Select Committee.

**REQUEST FOR PRODUCTION NO. 7:** All Documents that constitute, refer to, or otherwise relate to any notes, summaries, comments, transcriptions, texts, emails, or other communications that relate to Your preparation of Cassidy Hutchinson to give evidence before the House Select Committee, including all documents provided to You by or on behalf of Cassidy Hutchinson.

**REQUEST FOR PRODUCTION NO. 8:** All Documents that constitute, refer to, or otherwise relate to any Communications between You and any entity or person regarding the subject of payment of legal fees relating to Your actual or potential representation of Cassidy Hutchinson or any other actual or potential witness before the House Select Committee, including the amount, source, and date of all such fees.

**REQUEST FOR PRODUCTION NO. 9:** Documents constituting and relating to any complaint against You by any client or before any bar organization or other legal body or court in any jurisdiction.

**REQUEST FOR PRODUCTION NO. 10 :** Other than this Lawsuit, all Documents that constitute, reflect, refer to, or otherwise relate to any arbitration, mediation or lawsuits, including any draft complaints or claims, relating to Cassidy Hutchinson, Defendant, and/or Your representation of Cassidy Hutchinson in connection with her appearances before the House Select Committee.

**REQUEST FOR PRODUCTION NO. 11:** All Documents that constitute, reflect, refer to, or otherwise relate to any Communications between You and any person relating to the Weissmann Tweet, including anyone claiming damage to Your reputation, loss of business, or any expert on any damage to You.

**REQUEST FOR PRODUCTION NO. 12:** All Documents that constitute, reflect, refer to, or otherwise relate to any Communications between You and any person relating to the Defendant.

**REQUEST FOR PRODUCTION NO. 13:** All Documents that constitute, reflect, refer to, or otherwise relate to any Communications between You and any person relating to Cassidy Hutchinson.

**REQUEST FOR PRODUCTION NO. 14:** All Documents that reflect, refer to, or otherwise relate to any Communications that you have had with any media organization relating to Cassidy Hutchinson, Defendant, and/or Your representation of Cassidy Hutchinson in connection with her appearances before the House Select Committee.

**REQUEST FOR PRODUCTION NO. 15:** All Documents that constitute, reflect, refer to, or otherwise relate to any public statements, interviews, writings, or television, radio, internet, or podcast appearances by You relating to Cassidy Hutchinson, Defendant, and/or Your representation of Cassidy Hutchinson in connection with her appearances before the House Select Committee.

**REQUEST FOR PRODUCTION NO. 16:** All Documents that constitute, reflect, refer to, or otherwise relate to any material authored or co-authored by You, whether or not attributed to You, which has been published for or disseminated to the public in the past ten (10) years.

**REQUEST FOR PRODUCTION NO. 17:** All Documents that constitute, reflect, refer to, or otherwise relate to any instance in which You have been mentioned, identified, referred to (directly or indirectly), or quoted in any book, magazine, newspaper, internet publication, website or application (including Twitter, X, Bluesky, Threads, TikTok, Facebook, Instagram, Substack, or LinkedIn), or television or radio program or podcast within the past ten (10) years, including within your answer the date and time thereof, the subject matter thereof, and the identity of the book, magazine, newspaper, internet website, television or radio station or podcast, and the reach, volume, or engagement with any such media.

**REQUEST FOR PRODUCTION NO. 18 :** All Documents that support, substantiate, or otherwise relate to Your contention in paragraph 27 of Your Complaint in this Lawsuit that Defendant acted with actual malice or, in the alternative, acted negligently by publishing the Weissmann Tweet.

**REQUEST FOR PRODUCTION NO. 19 :** All Documents that support, substantiate, or otherwise relate to your claim that Defendant acted with knowledge of falsity or reckless disregard for the truth in published the Weissmann Tweet.

**REQUEST FOR PRODUCTION NO. 20 :** All Documents that support, substantiate, or otherwise relate to your claim that Defendant published the Weissmann Tweet negligently in that Defendant knew or should have known in the exercise of ordinary care that the Weissmann Tweet was false or created a defamatory impression.

**REQUEST FOR PRODUCTION NO. 21:** All Documents that describe, refer to, or otherwise relate to any situation in which You have been the subject of an investigation conducted by any prosecutorial, regulatory, administrative or other agency or office (whether local, state, or federal) and, for each such investigation, Identify each agency or entity conducting any such investigation, the inclusive dates of such investigation; the nature of such investigation, and any result or disposition of such investigation.

**REQUEST FOR PRODUCTION NO. 22:** All Documents that describe, refer to, or otherwise relate to any instance in which You or a client of Yours has been the subject of a sanctions order issued by any court or other tribunal or any motion for sanctions, including without limitation any

motion pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, any discovery rules, or any other federal or state statute or rule.

**REQUEST FOR PRODUCTION NO. 23:** All Documents that reflect, refer to, or otherwise relate to any civil or administrative legal proceeding or arbitration or mediation in which You have been a party.

**REQUEST FOR PRODUCTION NO. 24:** All Documents that reflect, refer to, or otherwise relate to any criminal or disciplinary proceeding in which You have been a party.

**REQUEST FOR PRODUCTION NO. 25:** All Documents that reflect, refer to, or otherwise relate to any situation in which You have ever been arrested or charged with any crime (other than a traffic or parking violation).

**REQUEST FOR PRODUCTION NO. 26:** All Documents that identify, refer to, or otherwise relate to any person who has indicated to You that the person thought less of You as a result, in whole or part, of the publication of the Weissmann Tweet or as a result, in whole or part, of any evidence from Cassidy Hutchinson, from bar complaints, from media coverage of the House Select Committee or Cassidy Hutchinson, or from any other source.

**REQUEST FOR PRODUCTION NO. 27:** All Documents that identify, refer to, or otherwise relate to any current, former, or prospective clients or customers that have not retained you or have stopped in whole or in part doing business with You as a result, in whole or part, of the Weissmann Tweet.

**REQUEST FOR PRODUCTION NO. 28:** All Documents that describe, reflect, refer to, or otherwise relate to Your separation from Your former law firm in December 2022, including any agreements, correspondence, or other Communications relating thereto.

**REQUEST FOR PRODUCTION NO. 29:** All Documents that reflect, refer to, or otherwise relate to any change in Your reputation after September 15, 2023.

**REQUEST FOR PRODUCTION NO. 30:** All Documents that reflect, refer to, or otherwise relate to any change in Your reputation during the period from December 1, 2022 to September 14, 2023.

**REQUEST FOR PRODUCTION NO. 31:** All Documents that reflect, refer to, or otherwise relate to any change in Your business or personal relationships after September 15, 2023.

**REQUEST FOR PRODUCTION NO. 32:** All Documents that reflect, refer to, or otherwise relate to any change in Your business or personal relationships during the period from December 1, 2022 to September 14, 2023.

**REQUEST FOR PRODUCTION NO. 33:** All Documents that reflect, refer to, or otherwise relate to any alleged pecuniary losses You suffered as a result, in whole or in part, of the Weissmann Tweet.

**REQUEST FOR PRODUCTION NO. 34:** All Documents that reflect, refer to, or otherwise relate to any alleged pecuniary losses You suffered after December 1, 2022.

**REQUEST FOR PRODUCTION NO. 35:** Documents describing any lost income that You allege as a result of the Weissmann Tweet.

**REQUEST FOR PRODUCTION NO. 36:** All Documents that support, substantiate or otherwise relate to any mental, emotional, or physical injury suffered by You as a result, in whole or in part, of the Weissmann Tweet.

**REQUEST FOR PRODUCTION NO. 37:** All Documents that support, substantiate or otherwise relate to the allegation in paragraph 21 of the Complaint in this Lawsuit that the Weissmann Tweet has "deeply damage[d] [Your] 30-year reputation."

**REQUEST FOR PRODUCTION NO. 38:** All Documents that support, substantiate or otherwise relate to the allegation in paragraph 21 of the Complaint in this Lawsuit that the Weissmann Tweet has caused You to "lose significant business and income"?

**REQUEST FOR PRODUCTION NO. 39:** All Documents that support, substantiate or otherwise relate to the allegation in paragraph 28 of the Complaint in this Lawsuit that the Weissmann Tweet "injure[d] [You] in [Your] reputation, [Your] profession as a lawyer, and in [Your] community standing."

**REQUEST FOR PRODUCTION NO. 40:** All Documents that support, substantiate or otherwise relate to the allegation in paragraph 30 of the Complaint in this Lawsuit that the Weissmann Tweet has caused You "to suffer significant damages in Washington D.C. and Georgia …, including loss of business and income, damage to [Your] reputation, humiliation, embarrassment, and mental anguish" that is "ongoing in nature."

**REQUEST FOR PRODUCTION NO. 41:** Documents sufficient to establish Your annual income for each of the past ten (10) years, including all sources of that income.

**REQUEST FOR PRODUCTION NO. 42:** Documents sufficient to establish Your net worth for each of the past ten (10) years.

**REQUEST FOR PRODUCTION NO. 43:** For each of the past ten (10) years, please produce the following:

      a.     Federal tax returns, including all schedules and attachments.

      b.     State tax returns, including all schedules and attachments; and

      c.     All mortgage, credit card, or loan applications.

**REQUEST FOR PRODUCTION NO. 44:** All Documents that reflect, refer to, or otherwise relate to any medical, psychological or psychiatric treatment for mental, emotional, or physical injury that You allege was caused, in whole or in part, by the Weissman Tweet.

**REQUEST FOR PRODUCTION NO. 45:** All Documents that describe, refer to, or otherwise relate to any action to mitigate or remedy the damage or injury You allegedly have suffered because of the Weissmann Tweet and, for any such action, describe the action in detail and Identify each person who you believe has knowledge of any such action, including the decision not to ask the Defendant to take down or alter the Tweet and the decision not to provide any notice to Defendant before filing the Lawsuit.


Dated:  March 14, 2025

By:   /s/ *Andrew J. Thomas*

| Andrew J. Thomas* | Ian Heath Gershengorn (D.C. Bar No. 448475) |
| JENNER & BLOCK LLP | Emanuel Powell III (D.C. Bar No. 90023481) |
| 2029 Century Park East | JENNER & BLOCK LLP |
| Suite 1450 | 1099 New York Avenue, NW |
| Los Angeles, CA  90067 | Suite 900 |
| (213) 239-6900 | Washington, D.C.  20001 |
| ajthomas@jenner.com | (202) 639-6869 |
|  | igershengorn@jenner.com |
| * admitted *pro hac vice* | epowell@jenner.com |

*Counsel for Defendant Andrew Weissmann*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 14, 2025, I served the foregoing **DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF STEFAN PASSANTINO** on counsel of record for Plaintiff by electronic mail, as follows:

BINNALL LAW GROUP
Jesse R. Binnall (jesse@binnall.com)
Jason Greaves (jason@binnall.com)
Shawn Flynn (shawn@binnall.com)
717 King Street, Suite 200
Alexandria, VA  22314


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on March 14, 2025 in Los Angeles, California.


Dated:  March 14, 2025                              */s/ Andrew J. Thomas*
                                                                         Andrew J. Thomas