# EXHIBIT

# B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEFAN PASSANTINO,

      *Plaintiff,*

v.

ANDREW WEISSMANN,

      *Defendant.*

Case No.: 1:23-cv-02780-LLA

## PLAINTIFF PASSANTINO'S OBJECTIONS TO DEFENDANT WEISSMANN'S FIRST SET OF INTERROGATORIES

Plaintiff, Stefan Passantino, by counsel, objects to Defendant Andrew Weissmann's first set of interrogatories, as follows:

### DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to the definitions, instructions, and requests to the extent they seek to impose any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, or any applicable discovery order in this case.

### INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons with whom You had any Communications referring to, mentioning, or relating in any way to Defendant, the Weissmann Tweet, or this Lawsuit, including the date and substance of each such Communication and including any person claiming to have knowledge of any damage

to Your reputation, loss of clients or business, or other harm to You as a result, in whole or in part, of the Weissmann Tweet.

**OBJECTIONS:** This Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. Plaintiff also objects on the grounds that this is a compound interrogatory, first seeking the identity of parties with whom Mr. Passantino has communicated, and then asking for the date and substance of communications with such individuals. Plaintiff further objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**INTERROGATORY NO. 2:** Identify each person specifically known to You who read the Weissmann Tweet and, for each such person, state the date and manner in which You learned that the person had read the Weissmann Tweet.

**INTERROGATORY NO. 3:** Identify all persons with knowledge of Your Communications with Cassidy Hutchinson in connection with preparing her to provide evidence or potential evidence to the House Select Committee, including any persons who were present during Your Communications with her or assisted in preparing her to provide evidence.

**OBJECTIONS:** This Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Plaintiff further objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**INTERROGATORY NO. 4:** Describe in detail the factual and legal bases for Your contention in paragraph 27 of Your Complaint in this Lawsuit that Defendant acted with actual malice or, in the alternative, acted negligently by publishing the Weissmann Tweet.

**OBJECTIONS:** Plaintiff objects Interrogatory on the grounds that it calls for information outside of Plaintiff's custody, control, or possession.  Plaintiff further objects to this Interrogatory on the grounds that it is premature. Finally, Plaintiff objects on the grounds that this Interrogatory calls for a legal conclusion.

**INTERROGATORY NO. 5:** Identify all public statements, interviews, writings, meetings, public forums, speaking engagements, internet postings (including on Twitter, X, Bluesky, Threads, TikTok, Facebook, Instagram, Substack, or LinkedIn) and/or television, radio, internet, or podcast appearances by You relating to Cassidy Hutchinson, Defendant, or Your representation of Cassidy Hutchinson in connection with her appearances before the House Select Committee.

**OBJECTIONS:** This Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**INTERROGATORY NO. 6:** Identify all Communications that You have had with any media organization relating to Cassidy Hutchinson, Defendant, and/or Your representation of Cassidy Hutchinson in connection with her appearances before the House Select Committee.

**OBJECTIONS:** This Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**INTERROGATORY NO. 7:** Identify by date, title publisher, and subject matter all material authored or co-authored by You, whether or not attributed to You, which has been published for or disseminated to the public in the past ten (10) years.

**OBJECTIONS:** This Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**INTERROGATORY NO. 8:** Identify each and every instance in which You have been mentioned, identified, referred to (directly or indirectly), or quoted in any book, magazine, newspaper, internet publication, website, or application (including Twitter, X, Bluesky, Threads, TikTok, Facebook, Instagram, Substack, or LinkedIn), or television or radio program or podcast within the past ten (10) years, including within Your answer the date and time thereof, the subject matter thereof, and the identity of the book, magazine, newspaper, internet website, television or radio station or podcast.

**OBJECTIONS:** This Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. To require every single instance that Plaintiff has been publicly mentioned in the past ten years, without any limitation on subject matter, is unduly burdensome and would necessarily include plainly irrelevant responses. This information is also equally available to Defendant.

**INTERROGATORY NO. 9:** Identify each person or entity, including any news media organization, that to Your knowledge has expressed criticism of Your conduct in representing Cassidy Hutchinson in connection with her appearances before the House Select Committee and, for each person or entity, Identify the date of the statement, describe the nature of the criticism, and Identify each person You have reason to believe has knowledge of the criticism.

**OBJECTIONS:** This Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. To require every single person that expressed criticism of Mr. Passantino regarding his representation of Ms. Hutchinson is unduly burdensome and would necessarily include plainly irrelevant responses. This information is also equally available to Defendant.

**INTERROGATORY NO. 10:** Identify each person who has indicated to You that the person thought less of You as a result, in whole or in part, of the publication of the

Weissmann Tweet and state in what manner that person thought less of You as a result, in whole or in part, of the publication of the Weissmann Tweet.

**INTERROGATORY NO. 11:** Identify each person who has indicated to You that the person thought less of You as a result, in whole or in part, of any evidence provided by Cassidy Hutchinson to the House Select Committee, any bar complaints, any media coverage of the House Select Committee or Cassidy Hutchinson, or any other source.

**OBJECTIONS:** This Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. It is also vague and ambiguous as to what is meant by "any other source."

**INTERROGATORY NO. 12:** Identify each and every person (1) who You claim was aware of Your reputation prior to September 15, 2023, (2) who You claim is aware of Your reputation after September 15, 2023, and (3) who You claim is aware of how Your reputation has been affected as a result, in whole or in part, of the Weissmann Tweet. As to each such person, state the nature and substance of their knowledge.

**OBJECTIONS:** This Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. To require every single person aware of Plaintiff's reputation before and after a certain date and how the Weissmann Tweet impacted Plaintiff's reputation is unduly burdensome and would necessarily include plainly irrelevant responses.

**INTERROGATORY NO. 13:** Identify all cultural, political, business, civil, educational, religious, social or charitable organizations of which You are now a member or have been a member within the past 10 years and, for each such organization, describe the nature or purpose of the organization, the inclusive dates of Your membership, any position You held in the organization, the city and state in which You held such a position, and the dates You held such position.

**OBJECTIONS:** This Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. To require every single organization that Plaintiff is or was a member of for the past ten years, without any limitation, is unduly burdensome and would necessarily include plainly irrelevant responses. Plaintiff also objects on the grounds that this is a compound interrogatory.


**INTERROGATORY NO. 14:** Identify every corporation, joint venture, partnership, or other business entity in which You have been shareholder or held any ownership interest in the past ten (10) years, including the nature or purpose of the entity or venture, the type and percentage of the interest held by You in the entity or venture, the inclusive dates that You held such interest, any consideration paid by You to acquire Your interest and, if You no longer have an ownership interest in the venture, the date You disposed of Your interest and any consideration You received upon such disposition.

**OBJECTIONS:** This Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. To require every single entity that Plaintiff is or was a shareholder of or owner of for the past ten years, without any limitation, is unduly burdensome and would necessarily include plainly irrelevant information. Plaintiff also objects on the grounds that this is a compound interrogatory.

**INTERROGATORY NO. 15:** State whether You have ever been arrested or charged with any crime (other than a traffic or parking violation) and, for each such incident, describe in detail the date, jurisdiction, and caption or docket number, the nature of the offense(s) and any plea, and the disposition or current status of the matter.

**INTERROGATORY NO. 16:** Identify each and every civil lawsuit, administrative proceeding, arbitration, or mediation to which You have been a party and, for each such proceeding, Identify the jurisdiction, caption, agency, case title, and docket number, the nature of the claim(s0 [sic] asserted, all parties to the proceeding, Your attorney in the proceeding, and the disposition or current status of the proceeding.

**OBJECTIONS:** This Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. Any other proceedings that Plaintiff has been a party to, and who his counsel was is plainly irrelevant to this litigation.

**INTERROGATORY NO. 17:** State whether You have ever been the subject of an investigation conducted by any prosecutorial, regulatory, administrative or other agency or office (whether local, state, or federal) and, for each such investigation, Identify each agency or entity conducting any such investigation, the inclusive dates of such investigation; the nature of such investigation, and any result or disposition of such investigation.

**OBJECTIONS:** This Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. Any investigations that Plaintiff has been subject of, without limitation, would necessarily include plainly irrelevant information.

**INTERROGATORY NO. 18:** Identify each and every instance in which You or a client of Yours has been the subject of a sanctions order issued by any court or other tribunal or any motion for sanctions, including without limitation any motion pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, any discovery rules, or any other federal or state statute or rule.

**OBJECTIONS:** This Interrogatory is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. Any instance that one of Plaintiff's clients other than Ms. Hutchinson has been subject to sanctions is plainly irrelevant to this litigation.

**INTERROGATORY NO. 19:** Describe in detail the facts supporting Your contention    in paragraphs 28 and 30 of the Complaint in this Lawsuit that Your reputation suffered harm as a result, in whole or in part, of the Weissmann Tweet, including which of those damages are for "loss of business and income," for "damage to [] reputation," and for "humiliation, embarrassment, and mental anguish," as alleged in Paragraph 30 of the Complaint.

**OBJECTIONS:** Plaintiff objects to this Interrogatory on the grounds that it is premature.


**INTERROGATORY NO. 20:** Describe with specificity what direct pecuniary losses You have suffered as a result of the Weissmann Tweet, including a description of the date of such loss, an itemization and calculation of all such loss, and the information and/or documentation that You claim will prove such damages (including the location of said information and/or documentation).

**OBJECTIONS:** Plaintiff objects to this Interrogatory on the grounds that it is premature.


**INTERROGATORY NO. 21:** Identify all current, former, or prospective customers or clients that have not retained your or have stopped in whole or in part doing business with You as a result, in whole or in part, of the Weissmann Tweet and, for each such client or customer, state the dates on which or during which they were Your customer or client, how much in business You received from each customer or client before the

alleged defamation occurred, and all Communications with the customer or client that referred or related to the Weissmann Tweet.

**OBJECTIONS:** Plaintiff objects to this Interrogatory on the grounds that it calls for confidential and privileged information.

**INTERROGATORY NO. 22:** To the extent You allege mental, emotional, or physical injury as a result, in whole or in part, of the Weissmann Tweet, describe in detail the type of injury suffered, the time period during which You have suffered from the injury, how the Weissmann Tweet caused the injury, and all monetary damages suffered from the injury.

**OBJECTIONS:** Plaintiff objects to this Interrogatory on the grounds that it is premature.

**INTERROGATORY NO. 23:** If You have sought medical treatment for mental, emotional, or physical injury that You allege was caused, in whole or in part, by the Weissman Tweet, describe in detail the medical professional or service provider who treated You, including their name, office location, and contact information, the injury for which You sought treatment, all diagnoses You received for the injury, all treatments You received for the injury, the cause for the injury according to the medical professional or service provider, if known, the date(s) on which You received treatment, and the cost of treatment and any related expenses that You incurred.

**INTERROGATORY NO. 24:** State whether You have taken any action to mitigate or remedy the damage or injury You allegedly have suffered because of the Weissmann Tweet and, for any such action, describe the action in detail, and Identify each person who You believe has knowledge of any such action.

**OBJECTIONS:** Plaintiff objects to this Interrogatory on the grounds that it is impermissibly vague as to what actions Plaintiff could take to mitigate the harm of a defamatory statement.

Dated: April 28, 2025                        Respectfully submitted,

                                            /s/        *Jason C. Greaves*
                                            Jason C. Greaves, D.C. Bar No. 1033617
                                            Jesse R. Binnall, Bar ID VA022
                                            Shawn Flynn, Bar ID MI0101
                                            BINNALL LAW GROUP, PLLC
                                            717 King Street, Suite 200
                                            Alexandria, Virginia 22314
                                            Phone: (703) 888-1943
                                            Fax: (703) 888-1930
                                            jason@binnall.com
                                            jesse@binnall.com
                                            shawn@binnall.com

                                            *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 28, 2025, a copy of the foregoing was delivered to counsel for Defendant by electronic mail.

/s/    *Jason C. Greaves*
Jason C. Greaves

*Counsel for Plaintiff*

13

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

STEFAN PASSANTINO,

      *Plaintiff,*

v.

ANDREW WEISSMANN,

      *Defendant.*

Case No.: 1:23-cv-02780-LLA

## PLAINTIFF PASSANTINO'S OBJECTIONS TO DEFENDANT WEISSMANN'S FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiff, Stefan Passantino, by counsel, objects to Defendant Andrew Weissmann's first requests for production, as follows:

## DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to the definitions, instructions, and requests to the extent they seek to impose any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, or any applicable discovery order in this case.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All Documents identified in Your answers to Defendant's first set of interrogatories in this Lawsuit.

**OBJECTIONS:** Plaintiff objects to this Request to the extent it calls for documents protected by attorney-client privilege, attorney work product doctrine, and/or other

applicable privileges. Plaintiff further objects to this Request to the extent that it seeks the production of documents duplicative of that sought in other Requests.

**REQUEST FOR PRODUCTION NO. 2:** All versions of Your resumes, biographies, or curriculum vitae for the past ten (10) years.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Plaintiff's resumes, biographies and curriculum vitae for the past ten years is plainly irrelevant to this litigation.

**REQUEST FOR PRODUCTION NO. 3:** All calendars, diaries, and journals maintained by You or on Your behalf for the period from January 1, 2022, to the present that reflect all communications with or concerning in any way: Cassidy Hutchinson; the House Select Committee; Donald Trump; other clients represented in connection with actual or potential testimony or evidence gathering by the January 6 Select Committee; and/or any person or entity that communicated about the Weissmann Tweet (other than communications with current counsel about the Lawsuit).

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request for any calendars, diaries, and journals since January 1, 2022, reflecting communications with or concerning President Trump or other clients Plaintiff

represented before the Committee, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Plaintiff further objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 4:** All documents, including but not limited to statements, affidavits or declarations, obtained from any person relating to any of the allegations or claims in the Complaint.

**OBJECTION**: Plaintiff objects to the extent that this request calls for attorney work product.

**REQUEST FOR PRODUCTION NO. 5:** All Documents that refer or relate in any way to the Weissmann Tweet, Cassidy Hutchinson; or the House Select Committee, or any person or entity that communicated about the Weissmann Tweet (other than communications with current counsel about the Lawsuit).

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request for any documents that refer or relate to Ms. Hutchinson, or the Committee, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Plaintiff further objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 6:** All Documents that constitute, refer to, or otherwise relate to any agreements or Communications between You and Cassidy Hutchinson relating to Your representation of Cassidy Hutchinson in connection with her appearances before the House Select Committee.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request for any documents that refer or relate to Plaintiff's representation of Ms. Hutchinson before the Committee, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Plaintiff further objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 7:** All Documents that constitute, refer to, or otherwise relate to any notes, summaries, comments, transcriptions, texts, emails, or other communications that relate to Your preparation of Cassidy Hutchinson to give evidence before the House Select Committee, including all documents provided to You by or on behalf of Cassidy Hutchinson.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request for any documents that refer or relate to Plaintiff's preparation of Ms. Hutchinson to give evidence before the Committee, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Plaintiff further objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 8:** All Documents that constitute, refer to, or otherwise relate to any Communications between You and any entity or person regarding the subject of payment of legal fees relating to Your actual or potential representation of Cassidy Hutchinson or any other actual or potential witness before the House Select Committee, including the amount, source, and date of all such fees.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request for any documents concerning Plaintiff's payment of legal fees for his representation of Ms. Hutchinson or other witnesses before the Committee, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Plaintiff further objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 9:** Documents constituting and relating to any complaint against You by any client or before any bar organization or other legal body or court in any jurisdiction.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request for any documents relating to any complaint against Plaintiff or any of his clients, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Plaintiff further objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 10:** Other than this Lawsuit, all Documents that constitute, reflect, refer to, or otherwise relate to any arbitration, mediation or lawsuits, including any draft complaints or claims, relating to Cassidy Hutchinson, Defendant, and/or Your representation of Cassidy Hutchinson in connection with her appearances before the House Select Committee.

**OBJECTION:** Plaintiff objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 11:** All Documents that constitute, reflect, refer to, or otherwise relate to any Communications between You and any person relating to the Weissmann Tweet, including anyone claiming damage to Your reputation, loss of business, or any expert on any damage to You.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is premature as to expert discovery. Plaintiff further objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 12:** All Documents that constitute, reflect, refer to, or otherwise relate to any Communications between You and any person relating to the Defendant.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request for any documents relating to all communications Plaintiff has had with any person

regarding Defendant, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Plaintiff further objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 13:** All Documents that constitute, reflect, refer to, or otherwise relate to any Communications between You and any person relating to Cassidy Hutchinson.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request for any documents relating to all communications Plaintiff has had with any person regarding Ms. Hutchinson, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Plaintiff further objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 14:** All Documents that reflect, refer to, or otherwise relate to any Communications that you have had with any media organization relating to Cassidy Hutchinson, Defendant, and/or Your representation of Cassidy Hutchinson in connection with her appearances before the House Select Committee.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request for any documents relating to all communications Plaintiff has had with any media

7

organization regarding Defendant or Ms. Hutchinson, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Plaintiff further objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 15:** All Documents that constitute, reflect, refer to, or otherwise relate to any public statements, interviews, writings, or television, radio, internet, or podcast appearances by You relating to Cassidy Hutchinson, Defendant, and/or Your representation of Cassidy Hutchinson in connection with her appearances before the House Select Committee.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request for any documents relating to all public statements Plaintiff has made regarding Defendant or Ms. Hutchinson, without limitation, is unduly burdensome and would necessarily include irrelevant documents

**REQUEST FOR PRODUCTION NO. 16:** All Documents that constitute, reflect, refer to, or otherwise relate to any material authored or co-authored by You, whether or not attributed to You, which has been published for or disseminated to the public in the past ten (10) years.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request

for any publication that Plaintiff has made in the last ten years, without limitation, is unduly burdensome and would necessarily include irrelevant documents

**REQUEST FOR PRODUCTION NO. 17:** All Documents that constitute, reflect, refer to, or otherwise relate to any instance in which You have been mentioned, identified, referred to (directly or indirectly), or quoted in any book, magazine, newspaper, internet publication, website or application (including Twitter, X, Bluesky, Threads, TikTok, Facebook, Instagram, Substack, or LinkedIn), or television or radio program or podcast within the past ten (10) years, including within your answer the date and time thereof, the subject matter thereof, and the identity of the book, magazine, newspaper, internet website, television or radio station or podcast, and the reach, volume, or engagement with any such media.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request for any documents relating to any instance Plaintiff has been mentioned publicly in the past ten years, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Furthermore, Plaintiff objects on the grounds that this Request calls for documents outside his custody, control, or possession. Finally, Plaintiff objects on the grounds that these documents are just as easily accessible to Defendant.

**REQUEST FOR PRODUCTION NO. 18:** All Documents that support, substantiate, or otherwise relate to Your contention in paragraph 27 of Your Complaint in this Lawsuit that Defendant acted with actual malice or, in the alternative, acted negligently by publishing the Weissmann Tweet.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it calls for documents outside of his custody, control, or possession. Plaintiff further objects to the extent it calls for a legal conclusion. Plaintiff also objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 19:** All Documents that support, substantiate, or otherwise relate to your claim that Defendant acted with knowledge of falsity or reckless disregard for the truth in published the Weissmann Tweet.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it calls for documents outside of his custody, control, or possession. Plaintiff further objects to the extent it calls for a legal conclusion. Plaintiff further objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 20:** All Documents that support, substantiate, or otherwise relate to your claim that Defendant published the Weissmann Tweet negligently in that Defendant knew or should have known in the exercise of ordinary care that the Weissmann Tweet was false or created a defamatory impression.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it calls for documents outside of his custody, control, or possession. Plaintiff further objects to the extent it calls for a legal conclusion. Plaintiff also objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 21:** All Documents that describe, refer to, or otherwise relate to any situation in which You have been the subject of an investigation conducted by any prosecutorial, regulatory, administrative or other agency or office (whether local, state, or federal) and, for each such investigation, Identify each agency or entity conducting any such investigation, the inclusive dates of such investigation; the nature of such investigation, and any result or disposition of such investigation.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request for any documents relating to any investigation Plaintiff has been the subject of, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Furthermore, Plaintiff objects on the grounds that this Request calls for documents outside his custody, control, or possession. Plaintiff also objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 22:** All Documents that describe, refer to, or otherwise relate to any instance in which You or a client of Yours has been the subject of a sanctions order issued by any court or other tribunal or any motion for sanctions, including without limitation any motion pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, any discovery rules, or any other federal or state statute or rule.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request for any documents relating to any instance of sanctions that any Plaintiff's clients have been the subject of, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Furthermore, Plaintiff objects on the grounds that this Request calls for documents protected by attorney-client privilege, attorney work product doctrine and/or other applicable privileges.

**REQUEST FOR PRODUCTION NO. 23:** All Documents that reflect, refer to, or otherwise relate to any civil or administrative legal proceeding or arbitration or mediation in which You have been a party.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request seemingly for every single document relating to any instance in which Plaintiff has been a party in a proceeding, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Furthermore, Plaintiff objects on the

grounds that this Request calls for documents protected by attorney-client privilege, attorney work product doctrine and/or other applicable privileges. Plaintiff also objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 24:** All Documents that reflect, refer to, or otherwise relate to any criminal or disciplinary proceeding in which You have been a party.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request seemingly for every single document relating to any instance in which Plaintiff has been the subject of a criminal or disciplinary proceeding, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Plaintiff further objects to the extent this request calls for attorney-client privileged documents or attorney work product.

**REQUEST FOR PRODUCTION NO. 25:** All Documents that reflect, refer to, or otherwise relate to any situation in which You have ever been arrested or charged with any crime (other than a traffic or parking violation).

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. A broad request seemingly for every single document relating to any instance in which Plaintiff has

been arrested or charged with a crime, without limitation, is unduly burdensome and would necessarily include irrelevant documents. Furthermore, Plaintiff objects on the grounds that this Request calls for documents protected by attorney-client privilege, attorney work product doctrine and/or other applicable privileges.

**REQUEST FOR PRODUCTION NO. 26:** All Documents that identify, refer to, or otherwise relate to any person who has indicated to You that the person thought less of You as a result, in whole or part, of the publication of the Weissmann Tweet or as a result, in whole or part, of any evidence from Cassidy Hutchinson, from bar complaints, from media coverage of the House Select Committee or Cassidy Hutchinson, or from any other source.

**REQUEST FOR PRODUCTION NO. 27:** All Documents that identify, refer to, or otherwise relate to any current, former, or prospective clients or customers that have not retained you or have stopped in whole or in part doing business with You as a result, in whole or part, of the Weissmann Tweet.

**OBJECTIONS:** Plaintiff objects on the grounds that this Request calls for documents protected by attorney-client privilege, attorney work product doctrine and/or other applicable privileges.

**REQUEST FOR PRODUCTION NO. 28:** All Documents that describe, reflect, refer to, or otherwise relate to Your separation from Your former law firm in December

14

2022, including any agreements, correspondence, or other Communications relating thereto.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Plaintiff's separation from his prior law firm is plainly irrelevant.

**REQUEST FOR PRODUCTION NO. 29:** All Documents that reflect, refer to, or otherwise relate to any change in Your reputation after September 15, 2023.

**OBJECTIONS:** Plaintiff objects to this request on the grounds that it is impermissibly vague as to what documents would illustrate a change in Plaintiff's reputation. Furthermore, Plaintiff objects on the grounds that the Request calls for information outside of his custody, control, or possession. Finally, Plaintiff objects on the grounds that these documents are just as easily accessible to Defendant.

**REQUEST FOR PRODUCTION NO. 30:** All Documents that reflect, refer to, or otherwise relate to any change in Your reputation during the period from December 1, 2022 to September 14, 2023.

**OBJECTIONS:** Plaintiff objects to this request on the grounds that it is impermissibly vague as to what documents would illustrate a change in Plaintiff's reputation. Furthermore, Plaintiff objects on the grounds that the Request calls for information outside of his custody, control, or possession. Finally, Plaintiff objects on the grounds that these documents are just as easily accessible to Defendant.

**REQUEST FOR PRODUCTION NO. 31:** All Documents that reflect, refer to, or otherwise relate to any change in Your business or personal relationships after September 15, 2023.

**OBJECTIONS:** Plaintiff objects to this request on the grounds that it is impermissibly vague as to what documents would illustrate a change in Plaintiff's business or personal relationships.

**REQUEST FOR PRODUCTION NO. 32:** All Documents that reflect, refer to, or otherwise relate to any change in Your business or personal relationships during the period from December 1, 2022 to September 14, 2023.

**OBJECTIONS:** Plaintiff objects to this request on the grounds that it is impermissibly vague as to what documents would illustrate a change in Plaintiff's business or personal relationships.

**REQUEST FOR PRODUCTION NO. 33:** All Documents that reflect, refer to, or otherwise relate to any alleged pecuniary losses You suffered as a result, in whole or in part, of the Weissmann Tweet.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is premature.

**REQUEST FOR PRODUCTION NO. 34:** All Documents that reflect, refer to, or otherwise relate to any alleged pecuniary losses You suffered after December 1, 2022.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is premature.

<u>**REQUEST FOR PRODUCTION NO. 35:**</u> Documents describing any lost income that You allege as a result of the Weissmann Tweet.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is premature.

<u>**REQUEST FOR PRODUCTION NO. 36:**</u> All Documents that support, substantiate or otherwise relate to any mental, emotional, or physical injury suffered by You as a result, in whole or in part, of the Weissmann Tweet.

<u>**REQUEST FOR PRODUCTION NO. 37:**</u> All Documents that support, substantiate or otherwise relate to the allegation in paragraph 21 of the Complaint in this Lawsuit that the Weissmann Tweet has "deeply damage[d] [Your] 30-year reputation." Carlson illustrates the damage the Weissmann Tweet has had on Plaintiff.

<u>**REQUEST FOR PRODUCTION NO. 38:**</u> All Documents that support, substantiate or otherwise relate to the allegation in paragraph 21 of the Complaint in this Lawsuit that the Weissmann Tweet has caused You to "lose significant business and income"?

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is premature.

<u>**REQUEST FOR PRODUCTION NO. 39:**</u> All Documents that support, substantiate or otherwise relate to the allegation in paragraph 28 of the Complaint in this Lawsuit

that the Weissmann Tweet "injure[d] [You] in [Your] reputation, [Your] profession as a lawyer, and in [Your] community standing."

**REQUEST FOR PRODUCTION NO. 40:** All Documents that support, substantiate or otherwise relate to the allegation in paragraph 30 of the Complaint in this Lawsuit that the Weissmann Tweet has caused You "to suffer significant damages in Washington D.C. and Georgia …, including loss of business and income, damage to [Your] reputation, humiliation, embarrassment, and mental anguish" that is "ongoing in nature."

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is premature.


**REQUEST FOR PRODUCTION NO. 41:** Documents sufficient to establish Your annual income for each of the past ten (10) years, including all sources of that income.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that this request is overly broad, unduly burdensome and not proportionate to the needs of the case. 10 years of documents is disproportionate to the needs of this case.


**REQUEST FOR PRODUCTION NO. 42:** Documents sufficient to establish Your net worth for each of the past ten (10) years.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. It is unduly burdensome to ask for all documents establishing Plaintiff's net worth for the past ten years.

**REQUEST FOR PRODUCTION NO. 43:** For each of the past ten (10) years, please produce the following:

      a.      Federal tax returns, including all schedules and attachments.

      b.      State tax returns, including all schedules and attachments; and

      c.      All mortgage, credit card, or loan applications.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. It is unduly burdensome to ask for all documents relating to Plaintiff's income for the past ten years. Furthermore, this Request is impermissibly compound.

**REQUEST FOR PRODUCTION NO. 44:** All Documents that reflect, refer to, or otherwise relate to any medical, psychological or psychiatric treatment for mental, emotional, or physical injury that You allege was caused, in whole or in part, by the Weissman Tweet.

**REQUEST FOR PRODUCTION NO. 45:** All Documents that describe, refer to, or otherwise relate to any action to mitigate or remedy the damage or injury You allegedly have suffered because of the Weissmann Tweet and, for any such action, describe the action in detail and Identify each person who you believe has knowledge of any such action, including the decision not to ask the Defendant to take down or alter the Tweet and the decision not to provide any notice to Defendant before filing the Lawsuit.

**OBJECTIONS:** Plaintiff objects to this request on the grounds that it is impermissibly vague as to what documents would illustrate Plaintiff's efforts to mitigate the damage from a public, defamatory statement.

Dated: April 28, 2025                    Respectfully submitted,

/s/        *Jason C. Greaves*
Jason C. Greaves, D.C. Bar No. 1033617
Jesse R. Binnall, Bar ID VA022
Shawn Flynn, Bar ID MI0101
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
jesse@binnall.com
shawn@binnall.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 28, 2025, a copy of the foregoing was delivered to counsel

for Defendant by electronic mail.

*/s/    Jason C. Greaves*
Jason C. Greaves

*Counsel for Plaintiff*