# EXHIBIT C

2029 CENTURY PARK EAST, SUITE 1450 LOS ANGELES, CA 90067-2901                    JENNER&BLOCK LLP

June 9, 2025

Andrew J. Thomas
Tel +1 213 239 5155
AJThomas@jenner.com

Jesse R. Binnall
Jason C. Greaves
Shawn Flynn
Binnall Law Group, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
jesse@binnall.com
jason@binnall.com
shawn@binnall.com

Re:   Request to Meet and Confer Regarding Plaintiff's Discovery Responses in *Passantino v. Weissmann*, Case No. 1:23-CV-2780-LLA-MJS

Dear Counsel,

I am reaching out to request your availability this week for a phone call or Zoom conversation regarding Plaintiff's responses to Defendant's discovery requests.

From our review of Plaintiff's discovery responses:

- Plaintiff provided no substantive response to any of Defendant's interrogatories or requests for production, and instead objected repeatedly on the basis that Defendant's requests were "overly broad, unduly burdensome, and not proportional to the case." Plaintiff, however, "must make a specific, detailed showing of how the interrogatory is burdensome or … how it is over broad." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 8 (D.D.C. 2007) (quotation marks omitted).  You have provided no such showing.

- Plaintiff asserts that responses to Interrogatories 1, 3, and 21 and Requests for Production 1, 3-14, 18-25, and 27 require disclosure of privileged documents without describing "the nature of the documents, communications, or tangible things not produced or disclosed … in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" as required by Federal Rule of Civil Procedure 26(b)(5). Accordingly, these objections are without merit. These requests cover a range of topics that are all directly relevant to this case, including Defendant's defenses. For example,

June 9, 2025
Page 2

- Interrogatory 3 and Requests for Production 3 and 5-8 all request information regarding Plaintiff's representation of Cassidy Hutchinson which goes to the truth of Defendant's allegedly defamatory statement, which is "an absolute defense to a defamation claim." *Fonville v. D.C.*, 38 F. Supp. 3d 1, 11 (D.D.C. 2014). Requests for Production 9-14, 21-25, and 27 seek information regarding complaints or other similar proceedings against Plaintiff and communications Plaintiff has had regarding his representation of Cassidy Hutchinson or about Defendant/Defendant's statement, all topics that are relevant to determining whether Plaintiff has any basis for his damages claims. Plaintiff also has alleged in his Complaint that Defendant acted with "actual malice" or negligently, but he has failed to provide "any factual basis from which to draw the reasonable inference that [D]efendant[] acted" as such in the Complaint and now in his discovery responses to Requests for Production 18, 19, 20. *See Couch v. Verizon Commc'ns, Inc.*, 2021 WL 4476698, at *5 (D.D.C. Sept. 30, 2021), *aff'd*, 105 F.4th 425 (D.C. Cir. 2024).

- Plaintiff's objections that Interrogatories 19, 20, and 22 and Requests for Production 33, 34, 38, and 40, which seek information and documents supporting Plaintiff's claims for damages, are "premature" are particularly improper as the Court scheduled mediation such that the parties would have time to provide substantive discovery responses on the issue of damages that would inform the mediation process. At Plaintiff's request, Defendant consented to two one-week extensions of Plaintiff's time to provide responses, with the expectation that the additional time would result in more than just a litany of objections and no substantive answers. Plaintiff's complaint alleges damages in Washington, D.C. and Georgia from "loss of business and income, damage to his reputation, humiliation, embarrassment, and mental anguish." ECF No. 1 ¶ 30. Plaintiff's initial disclosures assert that he "seeks damages totaling no less than $3,080,400, which includes harm to Mr. Passantino's reputation from Mr. Weissmann's statement, lost wages, and attorney fees and costs which Mr. Passantino will incur throughout the course of this litigation." Federal Rule of Civil Procedure 26(a) requires Plaintiff to provide "a computation of each category of damages claimed" and to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii); *see also Burns v. Levy*, 2019 WL 6465142, at *24 (D.D.C. Dec. 2, 2019) (excluding evidence related to lost income damages given plaintiff's failure to "include a computation in her initial disclosures, supplemental disclosures, or responses to discovery requests"). Such discovery is clearly relevant to this case. *See, e.g., Tavoulareas v. Piro*, 93 F.R.D. 11, 22 (D.D.C. 1981) ("Given the fact that the complaint seeks damages for, among other things, loss of business reputation, the Court finds that [information pertaining to the salary and income of plaintiffs] is sufficiently relevant to require its production notwithstanding plaintiffs' arguments that they have not placed these matters directly in issue because they have not yet claimed any specific loss of income."). Plaintiff does not provide any explanation in his discovery responses as to why he cannot fulfill his disclosure obligations at this time, including the computations that

June 9, 2025
Page 3

- led to the very specific figure of $3,080,400 asserted in his initial disclosures, especially given the Court's scheduling of a mediation to facilitate precisely the disclosure of this relevant information in advance of settlement discussions.

- Plaintiff also has provided no substantive response or objection at all to Interrogatories 2, 10, 15, and 23 as well as Requests for Production 26, 36, 37, and 44. Accordingly, all objections are waived, and there is no legitimate basis to refuse to provide the requested information.

We look forward to discussing these concerns at a convenient time later this week, in the hope that we can avoid having to burden the Court with a motion to compel.

In the event we are unable to resolve the dispute informally, however, can you please provide three dates and times next week for a joint on-the-record videoconference with the Court, pursuant to the Court's scheduling order, which is attached?

                                        Best regards,

                                        Andrew J. Thomas

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEFAN PASSANTINO,

    *Plaintiff*,

v.

ANDREW WEISSMANN,

    *Defendant*.

Civil Action No. 23-2780 (LLA)

# SCHEDULING ORDER

Pursuant to the parties' meet and confer statement, ECF No. 21, and the initial scheduling conference held on January 29, 2025, the court orders the following with regard to further proceedings in this matter:

## I. DISCOVERY AND CASE DEADLINES

Discovery in this case shall proceed according to the following schedule:

| | |
|---|---|
| Start of Fact Discovery | January 29, 2025 |
| Rule 26 Initial Disclosures | February 7, 2025 |
| Joinder of Additional Parties & Amendment of Pleadings | March 28, 2025 |
| Close of Fact Discovery | November 21, 2025 |
| Plaintiff's Expert Witness Designations & Disclosures | December 5, 2025 |
| Defendant's Rebuttal Expert Witness Designations & Disclosures | January 16, 2026 |
| Close of Expert Discovery | February 13, 2026 |

After the close of discovery, the parties shall file any dispositive motions on the following schedule:

| | |
|---|---|
| Dispositive Motion Deadline | March 2, 2026 |
| Opposition Deadline | March 16, 2026 |
| Reply Deadline | March 30, 2026 |

In the event the parties elect not to file dispositive motions, they should file a joint status report on or before March 2, 2026 with recommendations for further proceedings.

## II.   LIMITS ON DISCOVERY

Parties shall not exceed the numerical limitations placed on the various methods of discovery as set forth in the Federal Rules of Civil Procedure, unless granted leave by the court.

## III.   PROTECTIVE ORDERS AND FILING UNDER SEAL

The parties may not rely solely on confidential designations under a protective order to file documents under seal. Accordingly, all protective orders submitted to the court for entry must specify that a party is required to file a motion seeking leave of the court to file confidential materials under seal. The court will not allow documents to be filed under seal by notice. Before moving to file under seal materials subject to a protective order, the moving party must confer with the opposing party and provide the results of that conferral process in the motion to seal, as well as include argument supporting the moving party's position that sealing is appropriate beyond the fact that the information was subject to a confidential designation in discovery. Depending on the nature of the document at issue, the court may require the moving party to file a redacted version of the document on the public docket.

IV. **DISCOVERY DISPUTES**

In the event that a discovery dispute arises, the parties shall make a good-faith effort to resolve or narrow the areas of disagreement. If, after conferring in good faith, the parties are unable to resolve a discovery dispute, they should file a joint motion on the docket captioned "Joint Motion Requesting Videoconference." The joint motion should provide a short description of the issue in dispute and each party's respective position (no more than two paragraphs per party), as well as provide at least three dates and times that the parties are jointly available for an on-the-record videoconference. If the dispute arises from specific requests for discovery, the parties should file the relevant discovery requests as attachments to their joint motion. The parties should not call or email chambers regarding any discovery disputes.

Disputes regarding discovery must be raised on or before the discovery deadline. Disputes raised after the deadline will be considered untimely.

V. **MEDIATION AND SETTLEMENT**

The parties are expected to continue to evaluate their respective cases for purposes of settlement. The court encourages the use of alternative dispute resolution—e.g., mediation or neutral case evaluation. Consistent with the parties' representations in their meet-and-confer statement and at the initial scheduling conference, the court will refer this matter to a magistrate judge for mediation or a settlement conference.

VI. **COMMUNICATIONS WITH CHAMBERS**

The parties are to communicate with the court by motion, opposition, reply, or notice, but not by letter or phone call. Inquiries concerning the status or scheduling of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Margaret Pham (Margaret_Pham@dcd.uscourts.gov), rather than to chambers. If Ms. Pham is unavailable, such inquiries shall be directed to the staff

3

person in the Clerk's Office who has been designated as her substitute.  Chambers personnel will not handle questions relating to the status or scheduling of pending matters, nor will chambers staff provide legal advice of any kind.  In an emergency, however, chambers can be contacted at (202) 354-3500.

The court will grant continuances, extensions, or enlargements of time only upon the filing of a motion.  Motions for continuance of a court date must be filed at least three days before the hearing and must include at least two alternative dates that have been agreed to by the parties.  Requests that do not include alternative dates acceptable to all parties will be denied.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   January 29, 2025

4