IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEFAN PASSANTINO,

        *Plaintiff*,

v.

ANDREW WEISSMANN,

        *Defendant*.

Case No.  1:23-cv-2780-LLA

## MOTION TO MODIFY SCHEDULING ORDER

Defendant Andrew Weissmann, by undersigned counsel, moves for an amendment of the Scheduling Order last modified by the Court on November 5, 2025, ECF 33.  Undersigned counsel contacted counsel for Mr. Passantino to confer on this motion on Thursday, December 4, 2025.  The next day, Plaintiff's counsel stated that they "do not anticipate opposing a motion to extend that is not tied to a stay of discovery," but could not definitively confirm their position due to Plaintiff's travels. Undersigned counsel requested confirmation by noon today, Monday, December 8, 2025, and sent a follow-up correspondence requesting the same. Plaintiff's counsel has not responded as of this filing.  For the reasons discussed below, good cause exists to modify the current schedule because Mr. Weissmann recently has appointed new counsel and plans to file in short order a motion for judgment on the pleadings, which may dispose of the sole remaining claim in its entirety.  The proposed schedule would minimize burdens on the Court, third parties, and the parties by extending the case deadlines until after the Court resolves the forthcoming potentially dispositive motion.  In support of his motion, Mr. Weissmann states as follows:

    1.    Mr. Passantino filed this lawsuit on September 22, 2023, alleging defamation and injurious falsehood claims stemming from a September 2023 social media post made by Mr.

Weissmann.  ECF No. 1.  On February 26, 2024, Mr. Weissmann moved to dismiss the case for failure to state a claim.  ECF No. 7.  On September 30, 2024, this Court granted Mr. Weissmann's motion in part and denied Mr. Weissmann's motion in part, dismissing Mr. Passantino's injurious falsehood claim while allowing his defamation claim to proceed.  ECF No. 17.

2. In the Parties' Joint Case Management Report pursuant to Rule 16.3(d) of the Local Rules, ECF No. 21, Mr. Weissmann's position stated: "No dispositive motion is currently pending. As the Court is aware, it already ruled on Mr. Weissmann's Motion to Dismiss, which was granted in part and denied in part. Mr. Weissmann filed his Answer and Affirmative Defenses on November 14, 2024. Mr. Weissmann anticipates that he will file a motion for summary judgment based on substantial truth, the opinion and fair comment defenses, and lack of constitutional actual malice, and possibly other grounds." ECF No. 22.

3. On January 29, 2025, this Court issued the Scheduling Order.  ECF No. 22.

4. Also on January 29, 2025, the Court directed the parties by minute order to hold a mediation or settlement conference.  The matter was assigned to U.S. Magistrate Judge Matthew J. Sharbaugh, who presided over the mediation on May 13, 2025.  The Parties did not reach a resolution.

5. To date, the Parties have circulated and responded to written discovery requests. Each side has served one set interrogatories and requests for production of documents.  Mr. Passantino provided initial responses to this written discovery on April 28, 2025, and provided supplemental interrogatory responses on July 18, 2025.  Mr. Passantino made two document productions, on August 1 and August 6, 2025.  Mr. Weissmann served initial responses to interrogatories and requests for production on May 5, 2025, and provided supplemental responses to the interrogatories and request for production on September 15, 2025.

6. No third-party discovery had been served by either Party.

7. In June 2025, the parties asked for a conference to resolve a discovery dispute, including with respect to Mr. Passantino's request for entry of a protective order with an "attorneys' eyes only" provision. The Court entered a stipulated protective order on July 14, 2025, without such a provision. ECF No. 28.

8. On November 4, 2025, the Parties sought an extension of the case deadlines set in the Scheduling Order based on challenges with serving potential witnesses, ongoing negotiations of discovery disputes between the parties, and other delays. ECF No. 32.

9. The Court issued a modified Scheduling Order on November 5, 2025. ECF No. 33.

10. The initial Scheduling Order, ECF No. 22, and Amended Scheduling Order, ECF No. 33, both stated that the "court will grant continuances, extensions, or enlargements of time only upon the filing of a motion."

11. On December 5, 2025, undersigned counsel ("Substituted Counsel") entered their appearances, and Mr. Weissmann's prior counsel withdrew. *See* ECF Nos. 34-39.

12. Mr. Weissmann's Substituted Counsel has been working diligently to review the pleadings, the case docket, existing work product, the discovery record, and other case materials notwithstanding the Thanksgiving Holiday.

13. On December 8, 2025, Mr. Weissmann's Substituted Counsel filed notice of intent to serve subpoenas on five third parties to Plaintiff's counsel.

14. Mr. Weissmann's Substituted Counsel intends to file a motion pursuant to Federal Rule of Civil Procedure 12(c) ("MJOP"), which provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

15. "Federal Rule 16(b) and Local Rule 16.4 allow the Court to modify the discovery

deadlines of a scheduling order 'upon a showing of good cause.'" *Barnes v. District of Columbia*, 289 F.R.D. 1, 7 (D.D.C. 2012). "Deciding whether to extend discovery is within the sound discretion of the trial court." *Id.* (citing *United States v. Microsoft Corp.*, 253 F.3d 34, 100 (D.C. Cir. 2001), *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1012 (D.C. Cir. 1997)). "In deciding whether good cause exists under Rules 16(b) and 16.4 to amend a scheduling order, the Court primarily considers the diligence of the party in seeking discovery before the deadline." *Id.*

16. Good cause exists to modify the scheduling order to allow Mr. Weissmann to file a dispositive motion to assert additional, preserved defenses on the pleadings. *Cf. Briggs v. Israel Baptist Church*, 933 A.2d 301, 304 (D.C. 2007) (affirming good cause to account for a late motion for summary judgment that asserts a defense that the defendants had preserved); ECF No. 17 at 10 n.4 (explaining that after "this court's resolution of the motion to dismiss, Mr. Weissmann is free to raise any such defenses not barred by the Federal Rules.")

17. As this Court recently explained, it is a "settled proposition that a 'court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" Minute Order, *Keese v. U.S. Dep't of Veteran Affairs*, Case No. 24-cv-02474-LLA (D.D.C. May 6, 2025) (AliKhan, J.) (granting a stay of discovery pending resolution of a motion for judgment on the pleadings since it "poses preliminary questions that may dispose of the case") (citing *Farouki v. Petra Int'l Banking, Corp.*, 683 F. Supp. 2d 23, 26 (D.D.C. 2010)).

18. The proposed schedule would permit the parties to complete document discovery while the forthcoming MJOP is briefed and move the rest of discovery forward immediately if the Court determines that the remaining claim cannot be resolved on the pleadings. This strikes an appropriate balance between speed and efficiency.

19. Mr. Weissmann's Substituted Counsel acted diligently to inform opposing counsel and the Court of the intent to file a MJOP, doing so soon after filing the substitution papers.

20. The recent engagement of Mr. Weissmann's Substituted Counsel provides further good cause to modify the scheduling order. *Beale v. District of Columbia*, 545 F. Supp. 2d 8, 19 (D.D.C. 2008) ("replacement of the defendants' lead attorney could serve as good cause for reopening discovery"). With the upcoming holidays and the state of discovery, the current scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension.'" *Nat'l R.R. Passenger Corp. v. Expresstrak, L.L.C.*, No. CIVA 02-1773 RBW, 2006 WL 2711533, at *2 (D.D.C. Sept. 21, 2006) (citation omitted).

21. Under the Parties' proposed scheduling order, Mr. Weissmann would file his forthcoming MJOP on or before January 9, 2026; Mr. Passantino would file his opposition on or before January 30, 2026; and Mr. Weissmann would file his reply on or before February 13, 2026.

22. In addition, under the Parties' proposed scheduling order, the discovery and dispositive motions schedule would be based upon the date of the Court's order on the MJOP, as set forth below. This extension is warranted to allow the Parties to continue to engage in fact discovery while Mr. Weissmann's forthcoming motion is pending.

|  | **Deadline Set in Nov. 5 Scheduling Order** | **New Deadline** |
|---|---|---|
| Close of Fact Discovery | February 13, 2026 | 90 days after a ruling on the MJOP |
| Expert Witness Designations & Disclosures | February 27, 2026 | 120 days after a ruling on the MJOP |
| Rebuttal Expert Witness Designations & Disclosures | March 27, 2026 | 150 days after a ruling on the MJOP |
| Close of Expert Discovery | April 17, 2026 | 180 days after a ruling on the MJOP |

| Dispositive Motion Deadline | May 4, 2026 | 210 days after a ruling on the MJOP |
| Opposition Deadline | May 18, 2026 | 240 days after a ruling on the MJOP |
| Reply Deadline | June 1, 2026 | 260 days after a ruling on the MJOP |

23. The requested amendment to the Scheduling Order will not unduly delay the litigation or prejudice either party. Counsel will exercise diligence in finalizing discovery and preparing dispositive motions in accordance with the proposed amended schedule.

Dated: December 8, 2025

Respectfully submitted,

*/s/ Meryl C. Governski*
Meryl C. Governski
Linda E. Halfacre (*pro hac vice* pending)
DUNN ISAACSON RHEE LLP
401 9th Street NW
Washington, DC 20004
Phone: (202) 240-2927
mgovernski@dirllp.com
ehalfacre@dirllp.com

Faith E. Gay (*pro hac vice* pending)
Rachel Slepoi (*pro hac vice* pending)
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Phone: (212) 390-9001
fgay@selendygay.com
rslepoi@selendygay.com

Jonathan I. Kravis
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, DC 20001-5369
Phone: 202-220-1130
jonathan.kravis@mto.com

*Counsel for Defendant Andrew Weissmann*