UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEFAN PASSANTINO,

   *Plaintiff*,

v.

ANDREW WEISSMANN,

   *Defendant*.

Case No.: 1:23-cv-2780-LLA

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO COMPEL

By virtue of his own conduct, Defendant's financial records and information have become directly relevant to this defamation action, are not otherwise privileged, and are subject to production. Notwithstanding, Defendant persists with his baseless objections even at this late stage of the litigation refusing to disclose financial records and information. That position is contrary to law. Accordingly, Plaintiff, Stefan Passantino, respectfully requests that this Court grant his motion to compel and overrule Defendant's objections.

### BACKGROUND

Mr. Passantino issued his first set of interrogatories and requests for production on March 21, 2025. Defendant provided responses and objections on May 5, 2025. On July 29, 2025, Mr. Passantino sent Defendant a deficiency letter regarding Defendant's responses and objections. The parties met and conferred on August 11, 2025. Defendant issued supplemental responses on September 15, 2025, addressing some, but not all, of Mr. Passantino's concerns and requests. Specifically,

Defendant did not supplement his response to Mr. Passantino's Interrogatory No. 15, as well as Requests for Production Nos. 13 and 14, each of which requested information and records pertaining to Defendant's financials.

On October 20, 2025, Mr. Passantino followed up by email to see if Defendant would be supplementing his responses. Having heard no response, Mr. Passantino followed up, yet again, on October 23, 2025. Defendant neither produced nor responded. Mr. Passantino followed up a third time on October 27, 2025, in tandem with a draft of the joint status report due that date. Defendant requested to bifurcate discovery; however, Mr. Passantino declined, and the parties outlined their positions in the status report. *See* Dkt. No. 31.

On December 5, 2025, Defendant hired new counsel. Mr. Passantino attempted, once more, to resolve this dispute, meeting and conferring with Defendant on December 16, 2025. The Parties were unable to come to an agreement. Accordingly, Mr. Passantino has no choice but to bring this motion to compel.

DISCOVERY REQUESTS AT ISSUE

Interrogatory No. 15 asks Defendant to "**Identify all sources of income which you receive, or have received, from 2020 to present**." Defendant rested on the following objections:

> Mr. Weissmann incorporates by reference the General Objections stated above. Mr. Weissmann further objects to this Interrogatory on the ground that it seeks information that is not relevant to any claim or defense in this action, that it is overly broad and unduly burdensome, and that it is not proportional to the needs of the case. Mr. Weissmann has not put his income at issue by seeking damages based on an alleged injury to his professional reputation. Mr. Weissmann further objects to

this Interrogatory on the ground that it seeks confidential information protected by Mr. Weissmann's rights of personal privacy.

<u>Request for Production No. 13</u> asks for "**Documents sufficient to show Defendant's sources of income from 2021 to present**." Defendant rested on the following objections:

> Mr. Weissmann reincorporates all the General Objections as if fully set forth herein. Mr. Weissmann further objects that the requested documents are not relevant to the claims and defenses in this case. Mr. Weissman is not seeking damages based on an alleged injury to his professional reputation. Mr. Weissmann further objects to this Request on the ground that it seeks confidential information protected by Mr. Weissmann's rights of personal privacy.

<u>Request for Production No. 14</u> asks for "**Documents sufficient to demonstrate Defendant's income from 2021 to present**." Defendant rested on the following objections:

> Mr. Weissmann incorporates by reference the General Objections stated above. Mr. Weissmann further objects that the requested documents are not relevant to the claims and defenses in this case. Mr. Weissman is not seeking damages based on an alleged injury to his professional reputation. Mr. Weissmann further objects to this Request on the ground that it seeks confidential information protected by Mr. Weissmann's rights of personal privacy.

## ARGUMENT

Defendant's financial records and information are relevant and not otherwise privileged, and this Court should overrule Defendant's objections. Under recent precedent, these types of documents and information are discoverable, even in the early stages of litigation. In *Freeman v. Giuliani*, the defendant, Mr. Giuliani, similarly argued that "discovery of financial information, as demanded in plaintiffs' RFP Nos. 40 and 41, should be granted only after plaintiffs have made a prima facie

3

case supporting a claim for punitive damages." No. 21-cv-3354-BAH, 2023 WL 11926310, at *1 (D.D.C. Jun. 22, 2023). The court rejected this argument for three reasons:

> First, knowledge of defendant's net worth will be of value to both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation. Second, the requirement that claimant establish a prima facie case applies to the admissibility of evidence about financial status, not its discoverability. Delaying plaintiffs' ability to discover relevant information to develop their claims for punitive damages would only lead to delay and confusion while plaintiff reviews the information for the first time. Third, while a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can be adequately protected by a protective order.

*Id.* (quoting *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990) (quotation marks omitted)). The court also found that financial information can be relevant because it "may indicate that defendant had a financial motive to make certain claims concerning plaintiffs to allow him to earn 'additional income or increased viewership or followers[.]'" *Id.* at *2. Accordingly, "financial information is relevant to both liability and punitive damages." *Id.* Therefore, this District required Mr. Giuliani to turn over his financial information before liability had even been established.

Mr. Passantino seeks similar relief in this instance. Defendant's financial records and information are directly relevant to this case in two ways. First, Mr. Passantino has made a claim for punitive damages. It would prejudice Mr. Passantino's ability to prosecute his claim for punitive damages if he is not entitled to this information at this time. As this District held, "[delaying] plaintiffs' ability to discover relevant information to develop their claims for punitive damages would only

4

lead to delay and confusion while plaintiff reviews the information for the first time." *Giuliani*, 2023 WL 11926310, at *1.

Second, this information is directly relevant to actual malice. As the court in Giuliani recognized, financial information "may indicate that defendant had a financial motive to make certain claims." *Id.* at 2. That is why this District concluded that "financial information is relevant to both liability and punitive damages." *Id. See also US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 64 (D.D.C. 2021) (finding profit motive relevant to an actual malice inquiry); *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 668 (1989) (holding that motive, in consideration with other evidence, can support a finding of actual malice). Accordingly, for Mr. Passantino to fully prosecute his case, it is necessary that he have these records and information now, rather than later. And to the extent Defendant has confidentiality concerns, there is a protective order in place. Mr. Passantino offered to include a provision for attorney's eyes only, however, Defendant objected to any such provision.

## CONCLUSION

For the foregoing reasons, Plaintiff, Stefan Passantino, respectfully requests that this Court grant his motion to compel, overruling Defendant's objections.

## CERTIFICATE OF CONFERRAL

Undersigned counsel certifies that the Parties have conferred in good faith regarding this dispute and were unable to come to a resolution.

Dated: January 9, 2026                              Respectfully submitted,

                                                    */s/ Jason C. Greaves*
                                                    Jason C. Greaves, D.C. Bar No. 1033617
                                                    Jesse R. Binnall, Bar ID VA022
                                                    Jared J. Roberts, Bar ID FL00153
                                                    BINNALL LAW GROUP, PLLC
                                                    717 King Street, Suite 200
                                                    Alexandria, Virginia 22314
                                                    Phone: (703) 888-1943
                                                    Fax: (703) 888-1930
                                                    Email: jason@binnall.com
                                                              jesse@binnall.com
                                                              jared@binnall.com

                                                    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on January 9, 2026, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/   *Jason C. Greaves*
Jason C. Greaves

*Counsel for Plaintiff*
