IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEFAN PASSANTINO,<br><br>          Plaintiff,<br><br>     v.<br><br>ANDREW WEISSMANN,<br><br>          Defendant. | No. 1:23-cv-2780-LLA-MJS |

**PLAINTIFF'S MOTION REQUESTING VIDEOCONFERENCE**

In accordance with Section IV of this Court's Scheduling Order, ECF No. 33, Plaintiff Stefan Passantino requests an on-the-record videoconference to resolve an ongoing discovery dispute.[1]

## I.   Issue in Dispute

Mr. Passantino issued his first set of interrogatories and requests for production on March 21, 2025. Defendant provided responses and objections on May 5, 2025. On July 29, 2025, Mr. Passantino sent Defendant a deficiency letter regarding Defendant's responses and objections. The Parties met and conferred on August 11, 2025. Defendant issued supplemental responses on September 15, 2025, including a response to Interrogatory No. 3 concerning his employment history.

---

[1] Pursuant to local rules, counsel for Mr. Passantino conferred with and obtained the position statement of opposing counsel and agreed dates for video conference to include in this motion, which are included herein, and evidenced by the attached correspondence. Ex. A. This is not filed as a "joint" request because even after incorporating Defendant's language, agreeing to dates, and making multiple requests for authorization to file, they asserted that they did not have client authority to do so.

Defendant did not supplement his response to Mr. Passantino's Interrogatory No. 15, as well as Requests for Production Nos. 13 and 14, each of which requested information and records pertaining to Defendant's financials. Defendant requested to bifurcate discovery; however, Mr. Passantino declined, and the parties outlined their positions in the status report. *See* Dkt. No. 31.

On December 5, 2025, Defendant hired new counsel. The Parties met on December 16, 2025, however, were unable to come to an agreement.

The following discovery requests and objections are at issue:

Interrogatory No. 15 asks Defendant to "**Identify all sources of income which you receive, or have received, from 2020 to present**." Defendant rested on the following objections:

> Mr. Weissmann incorporates by reference the General Objections stated above. Mr. Weissmann further objects to this Interrogatory on the ground that it seeks information that is not relevant to any claim or defense in this action, that it is overly broad and unduly burdensome, and that it is not proportional to the needs of the case. Mr. Weissmann has not put his income at issue by seeking damages based on an alleged injury to his professional reputation. Mr. Weissmann further objects to this Interrogatory on the ground that it seeks confidential information protected by Mr. Weissmann's rights of personal privacy.

Request for Production No. 13 asks for "**Documents sufficient to show Defendant's sources of income from 2021 to present**." Defendant rested on the following objections:

> Mr. Weissmann reincorporates all the General Objections as if fully set forth herein. Mr. Weissmann further objects that the requested documents are not relevant to the claims and defenses in this case. Mr. Weissman is not seeking damages based on an alleged injury to his professional reputation. Mr. Weissmann further objects to this Request on the ground that it seeks confidential information protected by Mr. Weissmann's rights of personal privacy.

Request for Production No. 14 asks for "**Documents sufficient to demonstrate Defendant's income from 2021 to present**." Defendant rested on the following objections:

> Mr. Weissmann incorporates by reference the General Objections stated above. Mr. Weissmann further objects that the requested documents are not relevant to the claims and defenses in this case. Mr. Weissman is not seeking damages based on an alleged injury to his professional reputation. Mr. Weissmann further objects to this Request on the ground that it seeks confidential information protected by Mr. Weissmann's rights of personal privacy.

## II.    The Parties' Positions

### a.  Plaintiff's Position

Under recent precedent, documents and information relating to financials are discoverable, even in the early stages of litigation. In *Freeman v. Giuliani*, the defendant, Mr. Giuliani, argued that "discovery of financial information, as demanded in plaintiffs' RFP Nos. 40 and 41, should be granted only after plaintiffs have made a prima facie case supporting a claim for punitive damages." No. 21-cv-3354-BAH, 2023 WL 11926310, at *1 (D.D.C. Jun. 22, 2023). The court rejected this argument because: (1) knowledge of a defendant's net worth is valuable to both sides "in making a realistic appraisal of the case," which may lead to settlement; (2) establishing a prima facie case goes to admissibility of evidence, not discoverability, and delaying a plaintiff's ability to discover relevant information to develop a claim for punitive damages would be prejudicial; and (3) financial records "can be adequately protected by a protective order." *Id.* (quoting *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990). The court also found that financial information can be relevant because it "may indicate that

defendant had a financial motive to make certain claims concerning plaintiffs to allow him to earn 'additional income or increased viewership or followers[.]'" *Id.* at *2. Accordingly, "financial information is relevant to both liability and punitive damages." *Id.* Therefore, this District required Mr. Giuliani to turn over his financial information before liability had even been established.

Mr. Passantino seeks similar relief in this instance. Defendant's financial records and information are directly relevant to this case in two ways. First, Mr. Passantino has made a claim for punitive damages. It would prejudice Mr. Passantino's ability to prosecute his claim for punitive damages if he is not entitled to this information at this time. As this District held, "[delaying] plaintiffs' ability to discover relevant information to develop their claims for punitive damages would only lead to delay and confusion while plaintiff reviews the information for the first time." *Giuliani*, 2023 WL 11926310, at *1. Second, this information is directly relevant to actual malice. As the court in Giuliani recognized, financial information "may indicate that defendant had a financial motive to make certain claims." *Id.* at 2; *see also US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 64 (D.D.C. 2021) (finding profit motive relevant to an actual malice inquiry); *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 668 (1989) (holding that motive, in consideration with other evidence, can support a finding of actual malice). Accordingly, for Mr. Passantino to fully prosecute his case, it is necessary that he have these records and information now, rather than later. And to the extent Defendant has confidentiality

concerns, there is a protective order in place. Mr. Passantino offered to include a provision for attorney's eyes only, however, Defendant objected to any such provision.

### b. Defendant's Position[2]

Plaintiff's request for a video conference regarding the production of Mr. Weissmann's financial information ("Request") is unnecessary for several independently dispositive reasons. *First*, the Court can (and should) hold Plaintiff's Request in abeyance because the pending Motion for Judgment on the Pleadings (ECF Nos. 45 & 45-1 ("MJOP")) may fully dispose of this matter and render it unnecessary for the Court ever to address the Request and the underlying discovery issue. It is a "settled proposition that a 'court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *See* Minute Order, *Keese v. U.S. Dep't of Veteran Affairs*, No. 24-CV-02474 (D.D.C. May 6, 2025) (AliKhan, J.) (quoting *Farouki v. Petra Int'l Banking, Corp.*, 683 F. Supp. 2d 23, 26 (D.D.C. 2010)) (granting a stay of discovery pending resolution of a motion for judgment on the pleadings since it "poses preliminary questions that may dispose of the case"). Plaintiff does not, because he cannot, explain why the Court must address the Request at this moment given not only the pending MJOP but also the recent scheduling order holding that the "court will issue an amended scheduling order consistent with the parties' agreed-upon deadlines *after ruling on the motion for judgment on the pleadings, if necessary*." *See* Dec. 12, 2025 minute order (emphasis added).

---

[2] As noted above, this section was drafted by Defense counsel.

*Second*, we submit that in the alternative the Court should enter an order bifurcating discovery.³ *See D'Onofrio v. SFX Sports Grp., Inc.*, 247 F.R.D. 43, 53 (D.D.C. 2008) (explaining reluctance to order discovery until after court "concludes, as a matter of law, that plaintiff has made a sufficient showing to permit the jury to consider" punitive damages); *Leo T. Thibodeau Gen. Contractors, Inc. v. Brault, Graham, Scott & Brault*, 1991 WL 255940, at *1 (D.D.C. Nov. 15, 1991) ("The discovery of financial information appropriate to a punitive damage claim is premature. The compensatory and punitive damage phases of this case will probably be bifurcated. It will be time enough to produce that financial information when the compensatory damage phase of the case has been completed."); *John Does I-VI v. Yogi*, 110 F.R.D. 629, 633 (D.D.C. 1986) ("This discovery is relevant, but should not be revealed until necessary to prove up punitive damages."); *see also Skinner v. Aetna Life Ins. Co.*, 1984 U.S. Dist. LEXIS 19817, at *2–3 (D.D.C. Feb. 2, 1984) ("[M]erely alleging a claim for punitive damages is insufficient, without more, to require a

---

³ Plaintiff appears to have implicitly conceded to the wisdom of bifurcation by refusing to provide any information as to *his* financial status, arguing that such requests are "premature." *See* Ex. A, Plaintiff's Responses and Objections to Defendant's First Set of Interrogatories, Interrogatory Nos. 20 and 22; Ex. B, Plaintiff's Responses and Objections to Defendant's First Set of Requests for Production, RFP Nos. 33, 34, 35, 38, and 40. In contrast to the lack of relevance of Mr. Weissmann's financial information to liability, discovery of Mr. Passantino's finances is directly relevant to liability and Plaintiff's allegations. *See Tavoulareas v. Piro*, 93 F.R.D. 11, 22 (D.D.C. 1981) (granting motion to compel defamation plaintiffs' information pertaining to the salary and income because "loss of business reputation might well be expected to be attended by loss of income"); *see also* Complaint at ¶¶ 1, 30, ECF No. 1 (alleging "loss of business and income"). Yet Mr. Passantino has refused to produce any such information, stating that such information is "premature." If this Court is inclined to entertain Plaintiff's Request, it should order Plaintiff to produce his analogous financial information.

defendant to respond to and produce documents and records[.]"). Plaintiff has not made "even a minimal showing of a *prima facie* case supporting a claim for punitive damage, " *D'Onofrio*, 247 F.R.D. at 52, and, as explained in the MJOP, has failed to allege any facts to sufficiently plead actual malice. *See* MJOP at 30–34. Contrary to Plaintiff's arguments in the Request, Mr. Weissmann's finances are relevant *only* to the issue of punitive damages and not actual malice because the Complaint does not include a factual allegation that Mr. Weissmann published the single allegedly defamatory tweet with a financial or profit motive. *Compare* Complaint at ¶¶ 1, 20, ECF No. 1 (alleging, as to actual malice, only that Mr. Weissmann acted with "partisan animus" and "in advancement of his newfound career as partisan political pundit); *with, e.g.,* Complaint at ¶ 10, *US Dominion, Inc. v. Byrne*, No. 21-CV-02131, ECF No. 1 (alleging David Byrne's multi-million dollar investment in blockchain voting technology evinced his financial motive in defaming competing paper-based voting systems company Dominion); Complaint at ¶ 185, *US Dominion, Inc. v. Powell*, No. 21-CV-00040, ECF No. 1 (alleging Sidney Powell's defamatory statements were "all in furtherance of her plan to financially enrich herself, to raise her public profile, and to ingratiate herself to Donald Trump for benefits she expected to receive as a result of that association"); *see* Request at 4 (citing cases). Plaintiff relies heavily (and virtually exclusively) on *Freeman v. Giuliani*, 2023 WL 11926310 (D.D.C. June 22, 2023), in which another court in this District differentiated *D'Onofrio* and *Skinner* because in "contrast" to those cases, Defendant Rudy Giuliani's "financial condition is ***relevant to both liability and punitive damages***." *Id.* at *2 (emphasis added). Unlike

Plaintiff's Complaint's reliance on boilerplate recitations of the actual malice standard and speculative allegations of "political animus," the *Freeman* complaint specifically alleged that Mr. Giuliani published the defamatory statement because it financially benefitted him to do so. *See Freeman* Complaint, No. 21-CV-3354, ECF No. 1 at ¶ 149 (alleging that Giuliani "advanced this predetermined fictitious storyline in the face of the facts because it was ***financially advantageous*** to do so" and was "motivated to publish lies about Plaintiffs because ***lying about the election results was more profitable than reporting the truth***") & ¶ 195 (alleging that Giuliani "had ***both financial and political motives*** for promulgating lies about Plaintiffs") (emphases added).[4] Plaintiff's own failure to plead any facts that would make Mr. Weissmann's financial information relevant to liability renders *Freeman* inapplicable and favors bifurcating such discovery until after a jury has determined liability and the availability of punitive damages.[5] Taking Plaintiff's arguments to their logical conclusion would leave every content creator vulnerable to discovery of their financial

---

[4] Defendant also notes that the factual circumstances underlying *Freeman* differ significantly from those in this case such that any analogous profit motive cannot be inferred from these allegations compared to those in *Freeman*. For one thing, there was an ongoing pattern of defamation in that matter on Mr. Giuliani's platforms from which he personally benefitted financially. *Freeman* Complaint, No. 21-CV-3354, ECF No. 1 at ¶¶ 10, 149, 158, 195. In this case, it is implausible to infer that Mr. Weissmann derived any personal financial benefit from publishing a single allegedly defamatory Tweet.

[5] At a minimum, the Court should defer discovery into Mr. Weissmann's financial information until after it has determined if the relevant standard is actual malice or negligence. While Plaintiff's Request focuses solely on actual malice and Mr. Weissmann has argued that Mr. Passantino is a limited public figure, the Complaint also seemingly attempts to plead negligence. *See* MJOP at 28–30. Mr. Weissmann's financial information would not be relevant to liability if the Court determines negligence is the appropriate fault standard.

status based solely on the contention that they sought to build their professional profile.[6]

### III. Available Times

The Parties submit the following dates and times they are both available for a videoconference with the Court:

1. February 9, 2026 at 1:00pm

2. February 9, 2026 at 2:00pm

3. February 12, 2026 at 10:00am

Dated: January 23, 2026                    Respectfully submitted,

*/s/ Jason C. Greaves*
Jesse R. Binnall, Bar ID VA022
Jason C. Greaves, D.C. Bar 1033617
Jared J. Roberts, Bar ID FL00153
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
jason@binnall.com
jared@binnall.com

*Counsel for Plaintiff Stefan Passantino*

---

[6] To the extent that this Court substantively considers the Request and finds Mr. Weissmann's financial information to be relevant and discoverable right now, it should order production only as to Mr. Weissmann's net worth, and not more, given that this information is relevant only to punitive damages and Plaintiff is entitled to no more than net worth for this analysis. *Skinner*, 1984 U.S. Dist. LEXIS 19817, at *4 ("Even where a claim for punitive damages has some factual support in the discovery record, discovery directed to this discreet issue should be limited to net worth.").

## CERTIFICATE OF SERVICE

I certify that on January 23, 2026, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jason C. Greaves
Jason C. Greaves, D.C. Bar 1033617

*Counsel for Plaintiff*
*Stefan Passantino*